Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Defendants
Spencer Cornelia, Cornelia Media LLC,
and Cornelia Education LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| WEALTHY INC., and DALE BUCZKOWSKI, | Case No. 2:21-cv-01173-JCM-EJY |
| Plaintiffs, | |
| v. | **MOTION TO CONSOLIDATE CASES** |
| SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC, | |
| Defendants. | |
| WEALTHY INC. and DALE BUCZKOWSKI, | Case No. 2:22-cv-00740-JCM-EJY |
| Plaintiffs, | |
| v. | **MOTION TO CONSOLIDATE CASES** |
| JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC, and OPTIMIZED LIFESTYLE LLC, | |
| Defendants. | |

- 1 -
Motion to Consolidate Cases
2:21-cv-01173-JCM-EJY | 2:22-cv-00740-JCM-EJY

## MOTION TO CONSOLIDATE CASES

Pursuant to Fed. R. Civ. P. 42(a) and LR 42-1(b), Defendants Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC ("Defendants") respectfully move this Court for an Order consolidating the matter of *Wealthy Inc., et al. v. Spencer Cornelia, et al.*, Case No. 2:21-cv-01173-JCM-EJY (Dist. NV, filed June 21, 2021) (the "Cornelia Action") with the matter of *Wealthy Inc., et al. v. John Mulvehill, et al.*, Case No. 2:22-cv-00740-JCM-EJY (Dist. NV, filed May 9, 2022) (the "Mulvehill Action"). The actions involve common questions of law and fact, and consolidation would aid in the efficient and economic disposition of an action.

### 1.0    Introduction and Factual Background

From the filing of their Complaint, Plaintiffs Dale Buczkowski and Wealthy, Inc. knew that John Mulvehill belonged in this case. The vast majority of their allegations concern statements Mr. Mulvehill made and *his* alleged knowledge of falsity. In their Answer, Defendants noted that the failure to name Mr. Mulvehill as a defendant was a defense to Plaintiffs' claims. ECF No. 17 at 11. Plaintiffs made the centrality of Mr. Mulvehill to their claims abundantly clear in their response to Mr. Mulvehill's motion to quash regarding Plaintiffs' subpoena to Google LLC asking for Mr. Mulvehill's contact and identifying information. ECF No. 31 at 3, 8-10. The Complaint in the Mulvehill Action is nearly identical to Plaintiffs' Complaint in the Cornelia Action. *Compare* Cornelia Action Complaint, attached as **Exhibit 1** ("Cornelia Complaint"); Mulvehill Action Complaint, attached as **Exhibit 2** ("Mulvehill Complaint").

Mr. Mulvehill should have been a defendant from the inception of this case. Now that Plaintiffs have finally brought suit against the actual subject of their grievance, the Court should consolidate these two cases.

### 2.0    Legal Standard

Under Fed. R. Civ. P. 42(a), if actions before the court involve a common question of law or fact, the court has broad discretion to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or

delay. *See also Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). In determining whether to consolidate cases, courts weigh the time and effort that will be saved by the consolidation against any inconvenience, delay, or expense the consolidation would cause. *Huene v. U.S.*, 743 F.2d 703 (9th Cir. 1984).

**3.0 Argument**

Defendants ask that the Court consolidate these actions because the cases involve the same facts and law, and consolidation will save the parties, and the Court, significant time and effort. Further, no party will be substantially prejudiced by consolidation. However, the defendants in both actions will be prejudiced by separate trials over the same exact statements on the same exact broadcasts by the same exact people.

**3.1. Similarities Between the Cases**

These actions should be consolidated because both cases involve the same law and the same facts. The similarities are discussed below:

- Wealthy Inc. and Dale Buczkowski are Plaintiffs in both matters. *See generally* Cornelia Complaint; Mulvehill Complaint.

- Both cases rely on allegations concerning the other case's parties. *See* Cornelia Complaint at ¶¶ 41-54 (discussing Mulvehill); Mulvehill Complaint at ¶¶ 49-54 (discussing Cornelia).

- Both cases allege claims based upon the same exact videos, in which both Cornelia and Mulvehill appear. *See* Cornelia Complaint at ¶ 55; Mulvehill Complaint at ¶ 55.

- Both cases allege claims based upon identical statements. *See* Cornelia Complaint at ¶¶ 55-105; Mulvehill Complaint at ¶¶ 55-97.

- Both cases allege exactly the same damages. *See* Cornelia Complaint at ¶¶ 106-110; Mulvehill Complaint at ¶¶ 98-102.

RANDAZZA | LEGAL GROUP

- Both cases allege the exact same claims: (1) unfair competition and advertising, (2) defamation, (3) intentional infliction of emotional distress, and (4) business disparagement. *See* Cornelia Complaint at ¶¶ 111-138; Mulvehill Complaint at ¶¶ 103-130.
- Both complaints pray for nearly the exact same relief. *See* Cornelia Complaint at pgs. 22-23; Mulvehill Complaint at pgs. 21-22.
- By way of illustration, "Mulvehill" appears 58 times in the Cornelia Complaint, and "Cornelia" appears 59 times in the Mulvehill Complaint. *See* Cornelia Complaint; Mulvehill Complaint.

Considering the foregoing similarities, it can be inferred that both cases will rely upon the same applications of law, the same burdens of proof, the same witnesses, and the same evidence.

### 3.2. Efficiencies in Consolidation

Consolidating these cases will save time and effort by reducing the costs associated with duplicative discovery and motion practice. Although discovery is nearing completion in the Cornelia Action, there is still significant ground to cover in that action. For instance, Plaintiffs and Defendants in the Cornelia Action will each likely file motions for summary judgment, and those motions will likely be substantially similar to those that will eventually be filed in the Mulvehill Action. Those motions will cover the same facts relating to the same evidence and the same witnesses; the motions will cover the same standards of law as it applies to the exact same allegations of defamation.

Further, trial in both actions will likewise involve the same evidence, the same witnesses, and the same jury instructions. Likewise, the result of an appeal in one action will likely have a direct effect on the other. Conducting both matters simultaneously in parallel will therefore unnecessarily burden the courts and the parties with unnecessary duplication of efforts.

Motion to Consolidate Cases
2:21-cv-01173-JCM-EJY | 2:22-cv-00740-JCM-EJY

Finally, these cases are assigned to the same District Judge and the same Magistrate Judge, both of whom have already become familiar with the facts at issue in each matter. Accordingly, consolidation will not require the reassignment of either matter.

### 3.3. No Party Will Be Prejudiced by Consolidation

Ninth Circuit precedent requires that the foregoing efficiencies be weighed against the inconvenience, delay, or expense the consolidation would cause. *Huene*, 743 F.2d at 704. Here, any such prejudice is minimal, and is considerably less significant than the benefit the parties will receive through consolidation of these actions.

First, although consolidation will slightly delay the Cornelia Action while the Mulvehill Action proceeds through discovery, the delay is primarily attributable to the choices of the Plaintiffs, not the Defendants, and as such no party will ultimately be prejudiced. The only party with any right to complain about delay would be Cornelia, but Cornelia is prepared to allow *all* the facts in both cases to develop before going to trial.

As the Cornelia Complaint lays out, Plaintiffs knew full well who Mulvehill was and what his actions were as it relates to the allegations in both cases. In fact, Plaintiffs used the Cornelia Action as a fishing expedition to flesh out their claims against Mulvehill before filing the latter suit. *See* Cornelia Action, ECF Nos. 28, 31, & 36 (briefing on a Motion to Quash filed by Mulvehill in the Cornelia Action). Plaintiffs had the opportunity to bring claims against Cornelia and Mulvehill at the same time and chose not to do so – presumably for tactical reasons. Accordingly, Plaintiffs' intentional delay in bringing the Mulvehill Action should not weigh against consolidation and rob Defendants of the benefits of consolidation.

Regardless, consolidation will not significantly delay the Cornelia Action. Although the Cornelia action was filed approximately 10 months before the Mulvehill Action, the schedule of both cases are not far off from one another. Currently, the discovery cutoff in the Cornelia Action is August 31, 2022. *See* Cornelia Action, ECF No. 39. In the Mulvehill Action, the discovery cutoff is December 6, 2022, **separating the cases by only three months and six days**. *See* Mulvehill

Action, ECF No. 26. Accordingly, no actual significant delay will occur if these cases are consolidated.

Second, no inconvenience or added expense will befall any party as a result of consolidation. Instead, consolidation will cause litigation to be more convenient for the parties and less expensive. As stated *supra*, Plaintiffs' claims in both actions are nearly identical and involve examination of the same witnesses and the same evidence. The claims additionally will require the same application and analysis of law. Allowing the cases to proceed together in tandem will reduce the costs associated with discovery, motion practice, and eventually trial.

Accordingly, little weight should be given to any purported inconvenience, delay, or expense caused by consolidation.

**4.0     Conclusion**

In light of the foregoing, Defendants Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC ask the Court to grant their Motion and consolidate these cases.

Dated: August 16, 2022.                     Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

Attorneys for Defendants
Spencer Cornelia, Cornelia Media LLC,
and Cornelia Education LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza