# <u>EXHIBIT 1</u>

Complaint

*Wealthy Inc., et al. v. Spencer Cornelia, et al.*,
Case No. 2:21- cv-01173-JCM-EJY
(Dist. NV, filed June 21, 2021)

TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001
Facsimile: 702.786.1002

JEFF B. VOCKRODT, ESQ. (will comply with LR IA 11-2 within 45 days)
jvockrodt@cm.law
DAVID JACOBY, ESQ. (will comply with LR IA 11-2 within 45 days)
djacoby@cm.law
CULHANE MEADOWS PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, TX 75240

*Attorneys for Plaintiffs Wealthy Inc. and*
*Dale Buczkowski*

**PETERSON BAKER, PLLC**
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC, | |
| Defendants. | |

Plaintiffs Wealthy Inc. ("Wealthy") and Dale Buczkowski (collectively, "Plaintiffs"), by and through their undersigned counsel, Culhane Meadows PLLC and Peterson Baker, PLLC, hereby file this complaint against Defendants Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC ("Defendants"), and in support thereof aver as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), § 1367 (supplemental jurisdiction) and under the Lanham Act, 15 U.S.C. § 1121(a) and 1125(a)(1)(B).

2. With respect to the state law claims, this court has related claim jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3. This Court has personal jurisdiction over Defendants because Defendants reside, conduct business, and/or caused harm and tortious injury in this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5. Wealthy is a corporation organized under the laws of the State of Texas with a principal place of business located in Houston.

6. Mr. Buczkowski is a resident of Incline Village, Nevada.

7. Upon information and belief, Spencer Cornelia is a resident of Nevada and resides in Las Vegas.

8. Upon information and belief, Cornelia Media LLC is organized under the laws of the State of Nevada and has a principal place of business in Las Vegas.

9. Upon information and belief, Cornelia Education LLC is an unincorporated business owned and operated by Mr. Cornelia with its principal place of business in Las Vegas.

## FACTUAL BACKGROUND
## WEALTHY AND DEREK MONEYBERG

10. Mr. Buczkowski graduated from the University of Chicago Booth School of Business with a Masters of Business Administration (MBA) degree in 2015. An image of his diploma is annexed as Exhibit A.

11. While at the Booth School of Business, Mr. Buczkowski earned the Dean's Prize for Building the Chicago Booth Brand. An image of the award trophy is annexed as Exhibit B. An image of the Chicago Booth School Dean (Sunil Kumar) presenting the award to Mr. Buczkowski is annexed as Exhibit C. A picture of the Assistant Dean (George Andrews) with Mr. Buczkowski celebrating his receiving the award is annexed as Exhibit D.

12. Mr. Buczkowski graduated with a bachelors' degree in business management and administration (BMA) from Bradley University with honors in 2005. An image of his academic achievement award from Bradley University is annexed as Exhibit E.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

13. Mr. Buczkowski had previously served as an Executive Coach and member of the Board of Directors of Real Social Dynamics, the world's largest dating coaching company, since November 2003.

14. Mr. Buczkowski is the President and Co-Founder of Larson Consulting, founded in 2011, which is dedicated to helping leaders solve critical strategic issues, accelerate growth, and improve the reputation and brand of their organizations in the context of strongly held values.

15. Wealthy is a leading entrepreneurship, finance, business, real-estate and self-improvement company owned and operated by Mr. Buczkowski, who operates the business under the federally registered trademark, Derek Moneyberg®.

16. Wealthy offers several training programs to its clients.

17. Wealthy offers three entry level programs entitled Moneyberg® Mentoring, Markets Mastery, and Real Estate Riches. These programs focus on entrepreneurship, financial markets, and real-estate investing. These programs are currently offered at $5,000 each.

18. Wealthy also offers its clients a program entitled Mastermind Network, which currently requires a $20,000 initiation fee and a $5,000 annual renewal fee. This program provides a monthly coaching call and a forum for top students to network and exchange ideas in a high value environment.

19. Wealthy also offers 1-ON-1 Training with Derek Moneyberg® which is currently offered at prices starting at $60,000 and including prices of $75,000 or more, for well qualified applicants.

20. Wealthy actively markets its courses on various social media channels, including YouTube, LLC (Derek Moneyberg), Instagram (@derekmoneyberg), Facebook (@derekmoneyberg), Twitter (@derekmoneyberg), LinkedIn (Derek Moneyberg), Spotify (The Derek Moneyberg Podcast), and Apple Podcast (The Derek Moneyberg Podcast).

21. Wealthy's YouTube channel, Derek Moneyberg, has approximately 23.7K subscribers and over 1.2 million views, according to YouTube, and targets an audience interested in self-improvement in the areas of entrepreneurship, finance, business, and real-estate.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

22. Mr. Buczkowski is focused on growing his entrepreneurship, finance, business, and real-estate focused clientele through Wealthy and the Derek Moneyberg® brand.

23. Mr. Buczkowski continues to provide services to his base of over one hundred and fifty clients in the dating and lifestyle niche that he began developing while at Real Social Dynamics, and plans to continue providing programs in that niche after restrictions due to the pandemic are lifted.

24. Several of Mr. Buczkowski's clients whom he began working with in the dating and lifestyle niche have continued to work with him and Wealthy in the areas of entrepreneurship, finance, business, and real-estate.

25. Many of Mr. Buczkowski's clients in the areas of entrepreneurship, finance, business, and real-estate were newly developed by Mr. Buczkowski under the Derek Moneyberg® brand, and did not previously work with Mr. Buczkowski in the dating and lifestyle niche.

## SPENCER CORNELIA

26. Spencer Cornelia operates an eponymous YouTube channel with approximately 150K subscribers and over 13.8 million views, according to YouTube, where he publishes YouTube videos on a variety of topics including real-estate investing, business, and health & fitness.

27. Mr. Cornelia also publishes a series of videos entitled "Authentic or Charlatan" in which he asserts he seeks to expose "fake gurus on social media."

28. Upon information and belief, the YouTube channel is owned and operated by Cornelia Media LLC and/or Mr. Cornelia.

29. The "About" page for Mr. Cornelia's YouTube channel states "[t]he theme of the channel is to uncover truths that the world may struggle to notice."

30. Mr. Cornelia's "About" page provides links to his other social media sites: Patreon (Spencer Cornelia), Instagram (@spencercornelia1), Facebook (spencer.cornelia), LinkedIn (spencercornelia), and TikTok (spencercornelia).

31. Mr. Cornelia offers two e-book programs: (1) "House Hack Expert" and (2) "First 1,000 Subscribers."

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

4

32. The "House Hack Expert" e-book is a real-estate investing guide with a focus on managing rental properties, which is available at the landing page: "http://househackexpert.com".

33. The "House Hack Expert" landing page states "Copyright 2021 Cornelia Education LLC, all rights reserved." A copy of the "House Hack Expert" e-book is attached at Exhibit F.

34. The "First 1,000 Subscribers" e-book is a social media business guide aimed at building a YouTube business, which is available at the landing page: "http://firstonethousandsubs.com/".

35. The "First 1,000 Subscribers" landing page states "Copyright 2021 Cornelia Education LLC, all rights reserved." A copy of the "First 1,000 Subscribers" e-book is attached at Exhibit G.

36. Mr. Cornelia highlights the importance of monetization of videos in his "First 1,000 Subscribers" e-book, stating: "If you're selling some kind of coaching or mentorship services, you may only get 3,000 views on a video, but if only a couple of people pay for your services, then that single video made you thousands of dollars. Now imagine putting out a new video every week. The important factor is treating YouTube like a business from the start." Exhibit G, "First 1,000 Subscribers," p. 25.

37. Mr. Cornelia acknowledges in his "First 1,000 Subscribers" e-book, "I give a simple description of the types of content I make and then I provide a passive sales pitch by mentioning my two mentorship programs." Exhibit G, "First 1,000 Subscribers," p. 40.

38. Mr. Cornelia offers monthly coaching programs, among other services, in both of his e-books:

- "If you'd like to cut down the learning curve and start living for free ASAP, then I'd recommend joining my monthly membership for access to a Private Discord Community, Monthly Coaching Calls, and Access to having all of your questions answered. You can join here (VIP House Hack Expert Patreon): https://www.patreon.com/spencercornelia" (Exhibit F, "House Hack Expert," p. 39.)

5

- "If you'd like to join my monthly membership for access to a Private Discord Community, Monthly Coaching Calls, and Access to having all of your questions answered, then you can join the VIP YouTube Coaching Patreon membership here: https://www.patreon.com/spencercornelia." (Exhibit G, "First 1,000 Subscribers," p. 1.)

39. Upon information and belief, Mr. Cornelia earns income from his YouTube business and through Cornelia Media LLC and Cornelia Education LLC.

40. Defendants collaborated with John Mulvehill (a.k.a. John Anthony) to produce a series of YouTube videos in the "Authentic or Charlatan" series that target Wealthy's business, Mr. Buczkowski, and the Derek Moneyberg® brand with false and defamatory statements that are at the core of this lawsuit.

## JOHN MULVEHILL (A.K.A. JOHN ANTHONY)

41. John Mulvehill is a dating and self-improvement coach who markets his services under the brand John Anthony Lifestyle, and goes by the name of John Anthony.

42. Mr. Mulvehill acknowledges in the videos discussed below that he views Real Social Dynamics, with which Mr. Buczkowski has been associated, as a direct competitor of his.

43. Upon information and belief, Mr. Mulvehill currently resides in Brazil.

44. Messrs. Buczkowski and Mulvehill met in 2013 through a mutual acquaintance who was Mr. Mulvehill's roommate at the time.

45. Upon information and belief, Mr. Mulvehill has had a personal vendetta against Mr. Buczkowski since an encounter the two had in Las Vegas one evening in May 2013.

46. Plaintiff Buczkowski and Mr. Mulvehill visited a Las Vegas nightclub that evening.

47. Later the same evening, Mr. Mulvehill was involved in an incident as a result of which Mr. Mulvehill, according to Las Vegas Township Justice Court records, eventually was arrested and charged with felony counts of: (1) kidnapping, 1st degree; (2) battery to commit mayhem/robbery/grand larceny; (3) kidnapping, 2nd degree; (4) coercion with force or threat of force; and (5) four separate misdemeanor counts of open/gross lewdness. A copy of the charging information for this incident is annexed as Exhibit H.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

6

48. Mr. Mulvehill reached out to Mr. Buczkowski after Mr. Mulvehill's arrest requesting that Mr. Buczkowski testify on his behalf and against the female victim.

49. Mr. Buczkowski refused to return Mr. Mulvehill's calls and texts.

50. According to an article first published by the Daily Beast in 2015, available at https://www.thedailybeast.com/the-pickup-artist-too-sleazy-for-pickup-artists, Mr. Mulvehill "pleaded to lesser charges of conspiracy to commit coercion and received a one-year suspended sentence, contingent upon the successful completion of impulse control counseling and a promise to stay off the Vegas Strip." A copy of the article is annexed as Exhibit I.

51. The John Anthony Lifestyle YouTube page has 22.3K subscribers and just over 3.3 million views, according to YouTube.

52. Mr. Mulvehill has since carried out a scorched earth smear campaign against Mr. Buczkowski and Real Social Dynamics, on the board of which Mr. Buczkowski previously served, releasing several critical videos on his YouTube channel, John Anthony Lifestyle, and falsely accusing Mr. Buczkowski of having set up Mr. Mulvehill to be arrested.

53. Mr. Mulvehill has also released several videos attacking the instructors of Real Social Dynamics, his self-described direct competitor. Mr. Mulvehill has attacked Mr. Buczkowski as well, including his work with Real Social Dynamics and his more recent work with Wealthy under the Derek Moneyberg® brand.

54. Upon information and belief, Mr. Mulvehill has collaborated with Mr. Cornelia to broaden Mr. Mulvehill's reach and extend his smear campaign to an audience relevant to Wealthy's business, and to market Mr. Mulvehill's own dating and self-improvement business to that audience.

## DEFENDANTS' FALSE AND DEFAMATORY VIDEOS

55. Between December 2020 and February 2021, Defendants, in collaboration with Mr. Mulvehill, produced at least two videos on YouTube containing false and defamatory statements about Mr. Buczkowski and the Derek Moneyberg® brand:

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

7

- "Authentic or Charlatan: Derek Moneyberg |RSD Derek", uploaded December 19, 2020, available at – https://youtu.be/47X1P03F-ls – (approximately 30.2K views as of June 7, 2021) ("First Video"); and

- "Derek Moneyberg - Fake Guru?", uploaded February 19, 2021, available at – https://youtu.be/hg44-wFMaQg – (approximately 15.2K views as of June 7, 2021) ("Second Video").

56. The First and Second Videos involve Mr. Cornelia ("[SC]") interviewing Mr. Mulvehill, a.k.a. John Anthony ("[JA]").

57. The First and Second Videos include false and defamatory statements which are neither matters of opinion nor based on disputed anonymous accounts of potential witnesses, but are unqualified and provably false statements of fact. These statements which were published by Defendants in the First and Second Videos are among the subjects of this lawsuit.

58. These false and defamatory statements include at least the following factual assertions that Mr. Buczkowski: (1) lied about his educational achievement; (2) laundered money; (3) manufactured and/or sold illegal drugs; (4) framed Mr. Mulvehill for his 2013 arrest in Las Vegas, leading to four felony and four misdemeanor charges; and (5) was involved in the death of the woman who was the alleged victim in the arrest of Mr. Mulvehill.

59. The First and Second Videos include the following assertions that Mr. Buczkowski lied about his educational achievement:

- "[JA:] I'm Derek Moneyberg, I have this University of Chicago degree OK which is not even true . . . " (First Video at 1:57–2:02).

- "[JA:] Yeah, he also like even his credentials, like someone said in one of the YouTube comments they provided proof that like that he never went to, like, you know, he never attended Chicago Business School, he did like some kind of online thing." (Second Video at 9:34–9:46).

- "[JA:] He just repackaged content, and then made it out, he made himself out to be some kind of genius because he studied business but he doesn't have a real .

8

. . uh, he never actually went to University of Chicago." (Second Video at 19:31–41).

- "[JA:] He's always saying like, well I have this Ivy League degree and he didn't attend Chicago Business School, some online thing." (Second Video at 31:23–31:31).

60. The assertion that Mr. Buczkowski lied about his level of educational achievement is false.

61. Mr. Buczkowski obtained an MBA from the University of Chicago Booth School of Business in 2015. *See* Exhibit A.

62. Mr. Buczkowski also received an award from the University of Chicago Booth School of Business entitled the Dean's Prize for Building the Chicago Booth Brand. *See* Exhibits B–D.

63. The Second Video includes the following assertions that Mr. Buczkowski laundered money:

- "[JA:] He has listed like that he had a business called like Larson Consulting which, which has like no you know substance behind it online, but it looks very well like it could be a front. [SC:] Yeah the address is right down the street from my house here too in Vegas. [JA:] It looks, it looks very well it could be a front for laundering money." (Second Video at 7:11–7:30).

64. The assertion that Mr. Buczkowski engaged in money laundering through his Larson Consulting business is false.

65. The assertion that Mr. Buczkowski engaged in money laundering appears to be based on nothing other than wild speculation by Defendants and Mr. Mulvehill.

66. The Second Video includes the following assertions that Mr. Buczkowski manufactured and/or sold illegal drugs:

- "[SC:] That's shady yeah so the next note on my notes is the drug house. So you believe, well I guess with public record. He must have been running a drug operation, if it's a house tied to him, it was a house purchased using drug money.

9

Is there any reason to believe that it was him running a drug operation. Do you think that's how he made his money. [JA:] I don't I don't know the details. I know, I know he was. He has listed like that he had a business called like Larson Consulting which, which has like no you know substance behind it online, but it looks very well like it could be. [SC:] Yeah the address is right down the street from my house here too in Vegas. [JA:] It looks, it looks very well it could be a front for laundering money. " (Second Video at 6:45–7:31).

- "[JA:] He has like a lengthy arrest record where he was involved with, you know property forfeiture for manufacturing illegal drugs, for battery, all kinds of ... [SC:] it's public record too like it's known it's public. [JA:] Yeah, yeah and yeah and he's tried to hide all of it." (Second Video at 1:03–1:19).

67. The assertion that Mr. Buczkowski engaged in illicit drug manufacture and/or sale is false.

68. The assertion that Mr. Buczkowski engaged in illicit drug manufacture and/or sale appears to be based entirely on speculation by Defendants and Mr. Mulvehill about a prior litigation involving asset forfeiture of property owned by Mr. Buczkowski's deceased grandmother, in which Mr. Buczkowski temporarily served as the executor of the estate. The litigation in question was resolved without any finding of wrongdoing by Mr. Buczkowski following a decision by the Court of Appeals for the Eighth Circuit which reversed a decision of the District Court striking claims by the estate as untimely, *U.S. v. Real Properties Located at 7215 Longboat*, 750 F.3d 968 (8th Cir. 2014).

69. Mr. Buczkowski has never been arrested for a drug crime, much less charged with or convicted of a drug crime.

70. The First and Second Videos include the following assertions that Mr. Buczkowski framed Mr. Mulvehill for his 2013 arrest in Las Vegas, leading to four felony and four misdemeanor charges:

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

10

- "[JA:]That's why I don't give a fuck I'm saying all this stuff, they came out to me trying to set me up for an arrest and pass the pass which we'll discuss in another video that motherfucker." (First Video at 10:44–54).

- "[JA:] I've never been accused or charged with rape that situation with Derek did not involve any sex in the case or any kind of rape accusation. So, you know, like, it's very, very frustrating that they'll play like as low and dirty as they possibly can. Even to the point of setting people up for arrests, even in the point of using intimidation and bullying and threats, and all this stuff." (Second Video at 14:51–15:14).

- "[JA:] Yeah, I actually got arrested. My only time I've ever been arrested in my life was hanging out with this motherfucker one on one, okay he is like one of the worst human beings I've ever met. I didn't know at the time, but he was using aliases, okay. His real name is Dale Buczkowski. He goes by the alias, he was going by the alias RSD Derek had his face hidden everything, we can show you. I'll send you a picture of when he came to visit me in Vegas, basically I got a text and said, Hey, I'm coming to Vegas. Don't, don't let anyone know I'm in town, I'll explain later, okay never explained, without going into all the details of what happened, you know, it's, it's very obvious that he was involved there." (Second Video at 0:16–0:53).

- "[SC:] At the time of your arrest for a guy that's been in this dating world for so long you've had basically one night, that ended in an arrest and it happened to be with Derek, or Dale is his real name. [JA:] And were one-on-one as well. [SC:] You were one-on-one and there I know there was a lot of shady stuff too where he disappeared. He changed his number or something, and then it's like he's your friend he's hanging out with you and you get arrested and then he's gone. [JA:] He was using a burner phone, and he was using an alias at that time. And he claimed to not know the girls that we approached, and then it turns out

11

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

that one of the main girls in the group was working like a block from where he lives in Chicago, and then that girl ended up dead." (Second Video at 5:45–6:45).

71. The assertion that Mr. Buczkowski framed Mr. Mulvehill for Mr. Mulvehill's 2013 arrest involving four felony and four misdemeanor charges is false and is based solely on speculation by Mr. Mulvehill.

72. The Second Video includes the following assertions that Mr. Buczkowski was involved in the death of the woman who was the alleged victim in the arrest of Mr. Mulvehill:

- "[JA:] That girl a 28 year old, living in Las Vegas who's like the primary witness in the case ended up dead, and I couldn't find the cause of death I searched for it. 28 doesn't make much sense. [SC:] Wow, that was really bizarre. [JA:] That was the link to him." (Second Video at 5:45–6:45).

- In reply to a comment on the Second Video's YouTube page stating the following: "'And then that girl ended up dead' Whoa that escalated quickly. RIP"; Mr. Cornelia stated "looked up the women in Clark County records and she definitely passed. Tried to find the cause of death but they required a lawyer's consent in order to attain those documents."

73. The assertion that Mr. Buczkowski was involved in the death of the woman who was the alleged victim in the arrest of Mr. Mulvehill for four felony and four misdemeanor charges is false.

74. Mr. Buczkowski did not know the woman before the night in question, and did not have any further contact with the woman afterward.

75. The assertions that Mr. Buczkowski (a) framed Mr. Mulvehill for his 2013 arrest and (b) was involved in the death of the alleged victim appear to have been made by Mr. Mulvehill in an effort to absolve himself for his own actions in connection with which he was charged by the authorities with (1) kidnapping, 1st degree; (2) battery to commit mayhem/robbery/grand larceny; (3) kidnapping, 2nd degree; (4) coercion with force or threat of force; and four separate misdemeanor counts of open/gross lewdness.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

76. In addition to the above false and defamatory statements, Defendants made several additional statements that were asserted to be made by former clients and/or former colleagues of Plaintiffs to Mr. Mulvehill, and which Mr. Mulvehill relayed to Mr. Cornelia.

77. These additional statements are also false, defamatory and/or misleading, and which, even if they were first uttered by third parties, were published by Defendants in a manner that is at least misleading, if not false and defamatory in their own right.

78. These additional statements include, among others, assertions that Mr. Buczkowski (1) engaged in illegal activity in helping his clients obtain credit; (2) did not author any of his own content; and (3) coerced his clients to provide testimonials.

79. These additional statements were provided without any context and were made to seem more credible due to the false and defamatory statements discussed above, namely the assertions that Mr. Buczkowski (1) lied about his educational achievement; (2) laundered money; (3) manufactured and/or sold illegal drugs; (4) framed Mr. Mulvehill for his 2013 arrest in Las Vegas, leading to four felony and four misdemeanor charges; and (5) was involved in the death of the woman who was the alleged victim in the arrest of Mr. Mulvehill.

80. Mr. Cornelia also mentions his collaboration with John Anthony and further criticizes the Derek Moneyberg® brand in a video entitled "2020 Charlatan of the Year Awards", which was streamed live on Dec. 31, 2020 and is available at – https://youtu.be/OPtscQP5W0c – (approximately 15K views as of June 7, 2021) ("Third Video").

81. In the Third Video, Mr. Cornelia listed Derek Moneyberg along with several other people who Mr. Cornelia accuses of having engaged in certain nefarious and/or illegal activity in his "Authentic or Charlatan" series of videos.

82. The Third Video provides "awards" for people in the following categories: (1) Best Use of Scam or Fraudulent Money, (2) Best Use of Daddy's Money, (3) Plagiarist of the Year, (4) The Next Warren Buffett (Best Stock Trader), (5) Silencing Criticism, (6) Most Wealth Gained, (7) Fewest M&A Deals, (8) Worst Use of Money Raised, (9) Scammiest Webinar or Speech, (10) Worst Pyramid Scheme, (11) Scammiest Sales Pitch, (12) Snake Oil Salesman of the Year, and (13) Charlatan of the Year.

13

83. Mr. Cornelia states in the Third Video that "I made a video with John Anthony on RSD Derek. I felt like that covered everything. I don't care for Derek at all." (Third Video at 27:43–27:53).

84. Mr. Cornelia further nominated Derek Moneyberg® to be Charlatan of the Year, stating:

- "It is Dan Bilzerian's Year. But here's the contender recently. Derek Moneyberg. Derek Moneyberg as #7 nominee for Charlatan of the Year. Derek Moneyberg. This one's tough." (Third Video at 39:07–39:25).

- "I think Dan Bilzerian is an absolute contender. But I'm thinking Derek Moneyberg. Derek Moneyberg fits all of the checkboxes for scammer of the year. Charlatan of the Year." (Third Video at 39:54–40:06).

85. Mr. Cornelia, in a comment on a YouTube video posted by Mr. Mulvehill, entitled "Derek Moneyberg Instagram REMOVED!! Fake Followers PUNISHED LMAOOO | RSD Derek," uploaded February 10, 2021, available at – https://youtu.be/qbqOkKQZ9h8, included the following exchange between Spencer Cornelia and Mr. Mulvehill, a.k.a., John Anthony apparently speculating on reasons Instagram allegedly removed the Derek Moneyberg account:

"[SC] Derek's man boobs were against Instagram's Terms of Service leading to an immediate termination. In the email, Instagram made it clear that Derek is at least 50 pounds away from appeal court.

[JA:] Kaboom

[Ragnarok Trasure:] Can't wait for your Moneyberg part 2 on Spencers Channel :D Loved part 1

[JA:] coming soon!"

86. Defendants' statements about Plaintiffs in the First, Second, and Third Videos, and his statements on Mr. Mulvehill's February 10, 2021 video further demonstrate their reckless disregard for the truth, and actual malice.

87. Mr. Mulvehill's statements regarding Mr. Buczkowski, Wealthy and the Derek Moneyberg® brand are full of vitriolic language, including his concluding remarks on the First Video in which Mr. Mulvehill gestured toward his fist and stated about Mr. Buczkowski: "This is

14

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

what that motherfucker needs right in his motherfuckin' nose the brass knuckles." (First Video at 18:50–18:54)

88. Mr. Mulvehill's reckless disregard for the truth is demonstrated by his failure to properly investigate the charges he made, his motivation to compete with Mr. Buczkowski in the dating and lifestyle niche, his anger at Mr. Buczkowski for not testifying on his behalf regarding Mr. Mulvehill's 2013 arrest involving four felony and four misdemeanor charges, and by Mr. Mulvehill's vitriolic language throughout the First and Second Videos.

89. Defendants' publication of Mr. Mulvehill's remarks under the circumstances noted above exhibited negligence and/or reckless disregard for the truth.

90. Defendants' First and Second Videos both promote Mr. Mulvehill's services as shown by the following passages:

- "[JA:] Very much appreciate it. Yeah, for those of you that want real dating advice, John Anthony Lifestyle, on YouTube, Platinum dating system as I mentioned earlier ..." (First Video at 15:08–15:18).

- "[SC:] Okay, but, but yeah. Thanks everyone for watching. Thanks John for coming on. [JA:] Yeah, thanks for having me. So yeah, check out John Anthony Lifestyle YouTube, and platinum dating system dot com. I've got a whole ton of free content on YouTube as well to get your feet wet with the dating stuff that's very real and practical advice. So, but yeah, Thanks for having me. It was fun." (Second Video at 35:36–35:54).

91. Defendants further promoted Mr. Mulvehill's services by providing links on both the First and the Second Videos to John Anthony Lifestyle's website, YouTube channel, and the program entitled "Platinum Dating System."

92. Defendants also promoted their own services by providing references to their e-books on the Spencer Cornelia YouTube "About" page: (1) "House Hack Expert"; and (2) "First 1,000 Subscribers," which in turn instruct readers to gain "access to a Private Discord Community, Monthly Coaching Calls, and Access to having all of your questions answered." *See* Exhibits F–G.

15

93. Upon information and belief, the references to Mr. Cornelia's e-books were available on his YouTube About page until approximately May 2021 but have since been removed. A screenshot of a search result showing archival references to the e-books on Mr. Cornelia's About page is annexed as Exhibit M.

94. On information and belief, Defendants have derived revenue from the First, Second, and Third Videos, and through their e-books, Private Discord Community, and Monthly Coaching Calls.

95. Defendants directly compete with Plaintiffs in providing monthly coaching on the topic of real-estate investing. Plaintiffs, on the one hand, and Defendants, on the other, each seek to build a social media following interested in self-improvement in the areas of entrepreneurship, finance, business, and real-estate.

96. Defendants' guest Mr. Mulvehill competes directly with Mr. Buczkowski in providing dating and lifestyle advice, and directly with Wealthy and the Derek Moneyberg® brand in the area of lifestyle improvement.

97. Defendants' guest Mr. Mulvehill competes indirectly with Wealthy and the Derek Moneyberg® brand in that many clients interested in the dating and lifestyle improvement niches tend to overlap with clients interested in the entrepreneurship, finance, business, and real-estate niches.

98. Defendants' collaboration with Mr. Mulvehill greatly expanded Mr. Mulvehill's reach, which Mr. Mulvehill acknowledged in the First Video, stating: "But yeah, I really appreciate you bringing me on here you have more reach than my channel ... I like that you're, you're going to take these guys on, so yeah, ... I definitely go more head on, you're more objective and shit, and explore both sides there's no other side here." (First Video at 17:02–17:17).

99. Plaintiffs have suffered significant harm as a result of Defendants' false and defamatory statements due to the nature of the false assertions involving deceit and illegal activity.

100. Plaintiffs have suffered significant harm as a result of Defendants' false and defamatory statements through verbal and written cancellations, and declination of contracts for services.

16

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

101.    In one example of a written cancellation, a potential client of Plaintiffs' expressed interest in Wealthy's 1-on-1 coaching as part of a dialog on Instagram, and later cited a screenshot of the First Video when declining to purchase. A copy of this exchange is annexed as Exhibit J.

102.    Defendants in the Second Video admit that Plaintiffs' clients pay up to $75,000 per program for Wealthy's 1-on-1 coaching:

- "[JA:] So even as like a $75,000 weekend training with him personally, for a weekend . . . [SC:] that might be the most expensive fake guru course." (Second Video at 1:47–1:54).

- "[SC:] You mentioned earlier 75,000 for a business training like I mean dude, you better be a VC with connections in Silicon Valley. [JA:] A weekend, that's for a weekend, and it's funny because I don't really watch much of his videos." (Second Video at 16:20–16:32).

- "[SC:] When I see Derek Moneyberg, I'm like, wait a second, and I rarely comment on people's physical appearance, I think that's a low blow, but I think in this case, it is fair, when you're trying to charge 75,000 for a business course and you dress like a bum. Your hair is like hideous, and he just, he does not present himself as what he is trying to be the image he's trying to portray." (Second Video at 17:19–17:42).

- "[JA:] So, I can teach them like an hour. So, you know, if they're just, they're just really like upping the upping the stakes on the scamming. Why not, you know, why not charge 75k for a weekend, why not. [SC:] If so, if you're a sociopath, and you have no empathy, why not charge the most if people want to pay it, why not, but that's the problem is these people have a certain mix of personality traits that form this concoction of, I don't want to say, evil, but in a way it is like you're just taking people's money and not delivering at all." (Second Video at 34:00–34:27).

103.    Further, the false and defamatory videos have been used by those seeking to spread negative commentary about the Plaintiffs. The First Video was posted in a comment on an October

17

22, 2020 Facebook Post on the Derek Moneyberg® page advertising One-on-One consulting calls, where the commenter stated: "For anyone who's looking to be a victim of Dale Buczkowski (aka Derek Moneyberg), please watch this first - https://youtube/watch?v=47X1P03F-ls." A copy of this comment is annexed as Exhibit K.

104.    Since the Defendants' publication of the false and defamatory videos, Plaintiffs have received reports from their clients and potential clients that they have been contacted on Instagram by accounts with zero posts or followers that repeat the false and defamatory assertions published by Defendants. A copy of a comment by such an account named "dale_buczkowski" is annexed as Exhibit L.

105.    On information and belief, images widely published by Defendants as the thumbnail and main images for the First, Second, and Third Videos have been used by at least one account on Twitter entitled "Derek Moneyberg Hate Account" at the "@moneyberg_hate" Twitter address, which was created on April 2021. A copy of the Derek Moneyberg Hate Account showing this image is annexed as Exhibit N. A copy of the thumbnail images used in the First, Second, and Third Videos is annexed as Exhibit O.

106.    In addition to monetary harm, the false and defamatory statements in Defendants' videos have caused Mr. Buczkowski severe emotional distress.

107.    Mr. Buczkowski grew up in difficult circumstances. He has spent much of his adult life distancing himself from the criminal environment of his childhood, where both his father and his uncle were convicted and incarcerated for drug-related crimes.

108.    A large part of improving his life and distancing himself from his childhood environment involved achieving great academic success, including earning an MBA from the prestigious Chicago Booth School of Business and an undergraduate degree from Bradley University with academic honors.

109.    The Defendants' and Mr. Mulvehill's false and defamatory statements about Mr. Buczkowski's level of educational achievement and involvement with illegal activities brought back terrible emotional and childhood trauma for Mr. Buczkowski.

18

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

110.    Aside from losing clients as a result of the defendants' false statements alleged in this Complaint, Mr. Buczkowski has endured significant mental anguish, including anxiety, tension, lost sleep and overeating as a result of Defendants' and Mr. Mulvehill's false and defamatory statements.

## CLAIMS FOR RELIEF

## AS AND FOR A FIRST CLAIM

## UNFAIR COMPETITION AND FALSE ADVERTISING
## UNDER THE LANHAM ACT, 15 U.S.C. § 1125 *et seq.*

111.    Plaintiffs incorporate the preceding paragraphs as though set forth at length.

112.    The statements published by Defendants and set forth above were false, misleading, and defamatory.

113.    Defendants' publication of false, misleading, and defamatory statements regarding Mr. Buczkowski, the Derek Moneyberg® brand and Wealthy's products and services, and of other false and misleading statements praising the products, programs, and plans with which Defendants are affiliated and/or receive compensation from, constitutes unfair competition and/or false advertising.

114.    Defendants' social media channels purport to be an independent review that provides viewers with an objective resource, but actually are conduits for the promotion of products, programs, and plans with which Defendants are affiliated and/or from which they receive compensation.

115.    Plaintiffs and Defendants compete directly with each other in the entrepreneurship, finance, business, and/or real-estate self-improvement niches.

116.    In promoting those other products, programs, and plans, and disparaging Mr. Buczkowski, the Derek Moneyberg® brand and Wealthy's products and services, Defendants are making false and misleading statements about Wealthy's products and services, including but not limited to the statements alleged herein.

19

117. Defendants' false and misleading statements are material, in that they deceive, and are likely to deceive, customers and potential customers of Plaintiffs and adversely influence their purchasing decisions.

118. Defendants' false and misleading statements were made on the internet and published to tens of thousands of potential customers throughout the United States and beyond, and therefore were made in interstate commerce.

119. Defendants' false and misleading statements are likely to cause and have caused competitive commercial injury to Plaintiffs, including the lost sales mentioned herein.

120. Defendants' acts constitute willful, deliberate, false, and misleading representations of fact as to the nature and characteristics of Wealthy's services in violation of 15 U.S.C. § 1125(a)(l)(B).

<h1 style="text-align:center">AS AND FOR A SECOND CLAIM</h1>

<h2 style="text-align:center">DEFAMATION</h2>

121. Plaintiffs incorporate the preceding paragraphs as though set forth at length.

122. The statements about Plaintiffs published by Defendants that are set forth above were false and defamatory.

123. The statements were published by Defendants to many people on YouTube who would have had no way of judging the veracity of those claims.

124. On information and belief, at the time Defendants published the above-mentioned statements, they knew that the statements concerning Mr. Buczkowski, the Derek Moneyberg® brand and Wealthy's products and services were totally false or, in any event, that Defendants' false statements were made with an utter and reckless disregard of their truth or falsity.

125. Defendants' false and defamatory statements have severely injured Plaintiffs, in that they have tended to blacken and besmirch (a) Mr. Buczkowski's reputation, (b) Wealthy, and (c) the Derek Moneyberg® brand.

126. Each of the complained-of defamatory statements was understood by third parties to pertain to, and to defame Plaintiffs.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

127. The statements made by Defendants concerning Plaintiffs and set out above were made with malice, because Defendants published the statements with intent to cause harm to Plaintiffs and with knowledge of their falsity, or because Defendants made the statements with reckless disregard for whether or not they were true.

128. Defendants' defamatory publication of the complained-of statements was so outrageous and malicious as to warrant the imposition of punitive damages.

129. As a proximate result of Defendants' malicious, intentional, or reckless conduct as set forth above, Plaintiffs are entitled to such damages as will compensate them for the injury to their professional reputations and lost income, and for punitive damages as well to punish Defendants for their conduct and deter Defendants and others similarly situated from like acts in the future.

**AS AND FOR A THIRD CLAIM**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

130. Plaintiffs incorporate the preceding paragraphs as though set forth at length.

131. Defendants committed the acts and made the statements alleged previously with the intention of, or with reckless disregard for the possibility of, causing severe or extreme emotional distress to Plaintiff Buczkowski.

132. Plaintiff Buczkowski suffered severe or extreme emotional distress as a proximate consequence of the acts and statements of Defendants alleged previously.

133. By reason of the foregoing, Plaintiff Buczkowski is entitled to actual damages for his emotional distress caused by Defendants' statements and acts complained of as well as punitive damages.

**AS AND FOR A FOURTH CLAIM**

**BUSINESS DISPARAGEMENT**

134. Plaintiffs incorporate the preceding paragraphs as though set forth at length.

135. The statements made by Defendants concerning Plaintiffs and set out above were false and disparaging.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

21

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

136. The statements made by Defendants and set out above were understood by third parties to pertain to and to disparage Plaintiffs.

137. The statements made by Defendants concerning Plaintiffs and set out above were made with malice, because Defendants published the statements with intent to cause harm to Plaintiffs and with knowledge of their falsity, or because Defendants made the statements with reckless disregard for whether or not they were true

138. As the proximate result of Defendants' publication of the statements set out above, Plaintiffs suffered pecuniary loss and also suffered a general decline in their business and income.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs pray for relief as follows:

1. For a judgment in its favor on the claims set forth above that:

   a. Defendants engaged in false advertising in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 *et seq.*;

   b. Defendants defamed Plaintiffs under common law;

   c. Defendants intentionally inflicted emotional distress on Plaintiff Buczkowski; and

   d. Defendants disparaged Plaintiffs' business under common law;

2. That the Court enter judgment against Defendants that acts they committed as set forth in this Complaint were willful, making this an exceptional case;

3. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, assigns, and all other persons acting in concert or in conspiracy with or affiliated with Defendants, from:

   a. Engaging in false advertising concerning Plaintiffs;

   b. Engaging in further defamation of Plaintiffs;

   c. Engaging in further infliction of emotional distress on Plaintiff Buczkowski; and

   d. Engaging in further business disparagement of Plaintiffs' business;

22

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

4.      That the Court enter judgment against Defendants for compensatory, consequential, and/or incidental damages in an amount not less than Two Million Dollars ($2,000,000.00);

5.      That Defendants be ordered to account for and disgorge to Plaintiffs all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of herein;

6.      That Plaintiffs be awarded exemplary or punitive damages against Defendants in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

7.      That Plaintiffs be awarded an amount sufficient to reimburse Plaintiffs for the costs of corrective advertising;

8.      That Plaintiffs be awarded pre-judgment interest on all appropriate damages;

9.      That Plaintiffs be awarded reasonable attorneys' fees and costs incurred in this action; and

10.     For such other and further relief at law or in equity which the Court deems proper.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

23

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted this 21st day of June, 2021.

PETERSON BAKER, PLLC


By: /s/ Tamara Beatty Peterson
TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001
Facsimile: 702.786.1002

JEFF B. VOCKRODT, ESQ.
(will comply with LR IA 11-2 within 45 days)
jvockrodt@cm.law
DAVID JACOBY, ESQ.
(will comply with LR IA 11-2 within 45 days)
djacoby@cm.law
CULHANE MEADOWS PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, TX 75240

*Attorneys for Plaintiffs Wealthy Inc. and Dale Buczkowski*

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

24