# EXHIBIT 1

Declaration of Marc J. Randazza

Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Spencer Cornelia, Cornelia Media LLC,
and Cornelia Education LLC

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI, <br><br> Plaintiff, <br><br> v. <br><br> SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC, <br><br> Defendants. | Case No. 2:21-cv-01173-JCM-EJY <br><br> **DECLARATION OF MARC J. RANDAZZA** |

I, Marc J. Randazza, declare:

1.     I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I have knowledge of the facts set forth herein, and if called as a witness, could and would testify thereto.

2.     I am an attorney licensed to practice in the State of Nevada.

3.     I am a partner at the law firm Randazza Legal Group, PLLC, counsel for Defendants in this matter.

4.     In attempting to schedule Plaintiff Dale Buczkowski's deposition in this matter, Plaintiffs' counsel represented that Buczkowski was only available to be deposed two days in

July: July 16 and 30. They did not provide this availability until July 11, 2022. Due to scheduling conflicts and short notice, I was unavailable to depose Buczkowski on either date, and so my office asked for Buczkowski's availability in August. Plaintiffs' counsel responded by stating that Buczkowski's earliest next availability was August 13.

5.     I sincerely believe that this was a dilatory tactic on Buczkowski's part, to claim that he could not possibly be available for such a long period of time, so that he could run out the clock on discovery and then refuse to substantively answer any questions at his deposition.

6.     On August 13, 2022, I conducted the deposition of Dale Buczkowski, one of the Plaintiffs in this matter, in Las Vegas, Nevada.

7.     During the deposition, Buczkowski was extremely evasive with his answers to many of my questions, causing a significant waste of time.

8.     During the deposition, I asked Buczkowski questions about his customers to whom Plaintiffs provided services under the name Derek Moneyberg. Buczkowski begrudgingly provided a vague description of the professional fields in which his highest-paying customers worked, then refused to provide any other information about them, even their states of residence.

9.     I asked him why he refused to provide this information about his clients, and he responded by claiming that this information constituted a trade secret, and that Defendants would use it to harm him. I asked him whether he would be willing to provide this information on an attorneys' eyes only basis, and he again refused.

10.     After Buczkowski stated his refusal to provide this information, I conferred with Buczkowski's counsel who were present at the deposition, Jeffrey Vockrodt and Tammy Peterson. They stated it was Plaintiffs' position that the information constituted a trade secret so sensitive that Plaintiffs would not provide it even with an attorneys' eyes only designation.

11.     I told Buczkowski and his counsel that it would be pointless to continue the deposition given Plaintiffs' position on customer information, and I suspended the deposition until this issue was resolved.

- 2 -
Declaration of Marc J. Randazza
2:21-cv-01173-JCM-EJY

12.     Through the course of discovery, Plaintiffs have provided a large volume of documents with an attorneys' eyes only designation regarding their alleged damages.

13.     Some of these documents, namely documents bates-stamped as WEALTHY002375-2474, contain the names of Plaintiffs' customers, the products they purchased at what price points, and their addresses. It is unclear whether such documents show the entirety of Plaintiffs' customer base, however, and it lacks other details such as their contact information. None of these documents make any mention of customer reactions to the statements at issue in this case.

14.     Prior to Buczkowski's deposition, Plaintiffs did not take the position that the names of and other details regarding their customers were so sensitive they could not be produced on an attorneys' eyes only basis.

I declare under penalty of perjury under the laws of Nevada that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 30, 2022

/s/ Marc J. Randazza
Marc J. Randazza

- 3 -
Declaration of Marc J. Randazza
2:21-cv-01173-JCM-EJY