UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC,<br><br>Defendants. | Case No. 2:21-cv-01173-JCM-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion to File Under Seal: Exhibit 7 to Plaintiffs Wealthy Inc. and Dale Buczkowski's Opposition to Defendant's Motion for Extension of Discovery. ECF No. 52.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Kamakana*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Further, parties "may not simply rely on [a] … Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at \*1 (D. Nev. Apr. 17, 2019) *citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (reliance on a blanket protective order, without more, will not make a

showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

The Court considered Plaintiffs' Motion and the Exhibit sought to be sealed. While the Court presumes there are portions of Exhibit 7 that are properly sealed, the Court also finds there are portions that are properly filed on the public docket.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to File Under Seal: Exhibit 7 to Plaintiffs Wealthy Inc. and Dale Buczkowski's Opposition to Defendant's Motion for Extension of Discovery (ECF No. 52) is DENIED without prejudice.

IT IS FURTHER ORDERED that Exhibit 7 to Plaintiffs' Opposition to Defendant's Motion for Extension of Discovery will remain provisionally sealed until such time as a motion to seal is resubmitted.

IT IS FURTHER ORDERED that within seven (7) days of the date of this Order, Plaintiffs must submit a revised motion identifying those portions of Exhibit 7 they seek redacted. Plaintiffs must simultaneously file a redacted version of Exhibit 7 on the public record. The Court will promptly review the requested redactions and rule on the revised motion.

Dated this 12th day of September, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE