TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001
Facsimile: 702.786.1002

JEFFREY VOCKRODT, ESQ. *(Admitted Pro Hac Vice)*
jvockrodt@cm.law
DAVID JACOBY, ESQ. *(Admitted Pro Hac Vice)*
djacoby@cm.law
CULHANE MEADOWS PLLC
888 Main Street, #543
New York, NY 10044
Telephone: 917.853.0057

*Attorneys for Plaintiffs Wealthy Inc. and Dale Buczkowski*

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WEALTHY INC. and DALE BUCZKOWSKI,

Plaintiffs,

v.

SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC,

Defendants.

Case No.: 2:21-cv-01173-JCM-EJY

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Wealthy Inc. and Dale Buczkowski (collectively, “Plaintiffs”), by and through their attorneys of record, the law firms of Peterson Baker PLLC and Culhane Meadows PLLC, hereby move the Court for partial summary judgement against defendants Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC (collectively, “Defendants”) and in favor of Plaintiffs on their second claim for relief for Defamation.

This Motion is based upon FRCP 56, the accompanying Memorandum of Points and Authorities, the supporting evidence attached hereto, the pleadings and papers on file herein, and any oral argument the Court may wish to hear.

Respectfully submitted this 30th day of September, 2022.

PETERSON BAKER, PLLC

By: /s/ Tamara Beatty Peterson

TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001
Facsimile: 702.786.1002

JEFFREY VOCKRODT, ESQ. *(Admitted Pro Hac Vice)*
jvockrodt@cm.law
DAVID JACOBY, ESQ. *(Admitted Pro Hac Vice)*
djacoby@cm.law
CULHANE MEADOWS PLLC
888 Main Street, #543
New York, NY 10044
Telephone: 917.853.0057

*Attorneys for Plaintiffs Wealthy Inc. and Dale Buczkowski*

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In the time frame between late 2020 and early 2021, Defendants published two videos on Defendant Spencer Cornelia's YouTube page which consisted of Mr. Cornelia interviewing non-party John Mulvehill. Within each video is a barrage of attacks expressly aimed at Plaintiffs. These attacks entail several statements that are demonstrably false and defamatory and have injured Plaintiffs.

The defamatory statements falsely accused Plaintiff Buczkowski of lying about his education, engaging in drug dealing and manufacturing, laundering money, and being involved in the death of a woman, to name a few. Each of the statements made were assertions of fact and could not be characterized, from an objective point of view, as opinions. Additionally, each statement calls Mr. Buczkowski's character into question as well as his fitness to conduct his business of wealth coaching.

Discovery has closed in this matter and no dispute of material facts exists regarding Plaintiffs' Defamation claim for relief. That is, the statements were: 1) false and defamatory; 2) published to third parties without privilege; 3) the fault of Defendants, amounting at least to negligence; and 4) the cause of damages. Defendants attempt to evade culpability by stating that someone else made the statements. Nonetheless, Defendants published the videos containing the statements on their YouTube channel and they cannot shift the blame.

Because no issues of material fact are in dispute as to facts supporting Plaintiffs' Defamation claim for relief, the Court should grant this Motion for Partial Summary Judgment against Defendants on the Defamation claim for relief.

### II. UNDISPUTED FACTS

#### A. Basis of Plaintiffs' Claims for Relief

On June 21, 2021, Plaintiffs filed their Complaint, asserting the following claims for relief: 1) Unfair Competition and False Advertising under the Lanham Act, 15 U.S.C. § 1125 et seq.; 2) Defamation; 3) Intentional Infliction of Emotional Distress; and 4) Business Disparagement. (Complaint [ECF No. 1].) These claims are based on two videos released by

Defendant Spencer Cornelia on his YouTube channel that contain false and defamatory statements that harmed Plaintiffs. The videos consist of excerpts of interviews of non-party John Mulvehill conducted by Mr. Spencer and include statements "which are neither matters of opinion nor based on disputed anonymous accounts of potential witnesses, but are unqualified and provably false statements of fact." (Complaint [ECF No. 1], at ¶ 57.)

These false statements include assertions that Mr. Buczkowski lied about his educational achievement (*See* Excerpts of Transcription of YouTube Video The Authentic or Charlatan, Ex. 1, at WEALTHY 000061); that Mr. Buczkowski laundered money (*See* Excerpts of Transcription of YouTube Video Derek Moneyberg – Fake Guru?, Ex. 2, at WEALTHY 000125); that Mr. Buczkowski manufactured and/or sold illegal drugs (*See* Ex. 2, at WEALTHY 000125); that Mr. Buczkowski framed Mr. Mulvehill for his 2013 arrest in Las Vegas, leading to four felony and four misdemeanor charges (*See* Ex. 2, at WEALTHY000117-WEALTHY000118, WEALTHY000123-WEALTHY000124); and that Mr. Buczkowski was involved in the death of the woman who was the alleged victim in the arrest of Mr. Mulvehill (*See* Ex. 2, at WEALTHY000124).

**B. Mr. Buczkowski's Business**

Mr. Buczkowski graduated from the University of Chicago Booth School of Business with a Masters of Business Administration (MBA) degree in 2015. (Declaration of Dale Buczkowski, Ex. 3, at ¶ 3.) He is the President and Co-Founder of Larson Consulting, founded in 2011, which is dedicated to helping leaders solve critical strategic issues, accelerate growth, and improve the reputation and brand of their organizations in the context of strongly held values. (Ex. 3, at ¶ 4.)

Wealthy Inc. ("Wealthy") was founded in 2019 and is a leading entrepreneurship, finance, business, real-estate and self-improvement company owned and operated by Mr. Buczkowski, under the federally registered trademark, Derek Moneyberg®. (Ex. 3, at ¶ 5.) Wealthy offers three entry level programs entitled Moneyberg® Mentoring, Markets Mastery, and Real Estate Riches. These programs focus on entrepreneurship, financial markets, and real-estate investing. These programs are currently offered at $5,000 each. (Ex. 3, at ¶ 6.) Wealthy also offers its clients a program entitled Mastermind Network, which currently requires a $20,000 initiation fee and a



PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

$5,000 annual renewal fee. This program provides a monthly coaching call and a forum for top students to network and exchange ideas in a high value environment. (Ex. 3, at ¶ 7.) Wealthy also offers 1-ON-1 Training with Derek Moneyberg® which is currently offered at prices starting at $60,000 and including prices of $75,000 or more, for well qualified applicants. (Ex. 3, at ¶ 8.)

**C. Content of the Statements**

1. The Videos include the following assertions[1] that Mr. Buczkowski lied about his educational achievement:

> "[JA:] I'm Derek Moneyberg, I have this University of Chicago degree OK which is not even true . . . " (Ex. 1, at WEALTHY000061).
> "[JA:] Yeah, he also like even his credentials, like someone said in one of the YouTube comments they provided proof that like that he never went to, like, you know, he never attended Chicago Business School, he did like some kind of online thing." (Ex. 2, at WEALTHY000128).
> "[JA:] He just repackaged content, and then made it out, he made himself out to be some kind of genius because he studied business but he doesn't have a real . . . uh, he never actually went to University of Chicago." (Ex. 2, at WEALTHY000139).
> "[JA:] He's always saying like, well I have this Ivy League degree and he didn't attend Chicago Business School, some online thing." (Ex. 2, at WEALTHY000152).

2. The Second Video includes the following assertions that Mr. Buczkowski laundered money:

> "[JA:] He has listed like that he had a business called like Larson Consulting which, which has like no you know substance behind it online, but it looks very well like it could be a front. [SC:] Yeah the address is right down the street from my house here too in Vegas. [JA:] It looks, it looks very well it could be a front for laundering money." (Ex. 2, at WEALTHY000125).

3. The Second Video includes the following assertions that Mr. Buczkowski manufactured and/or sold illegal drugs:

> "[SC:] That's shady yeah so the next note on my notes is the drug house. So you believe, well I guess with public record. He must have been running a drug operation, if it's a house tied to him, it was a house purchased using drug money. Is there any reason to believe that it was him running a drug operation. Do you think that's how he made his money. [JA:] I don't I don't know the details. I know, I know he was. (Ex. 2, at WEALTHY000125)
> "[JA:] He has like a lengthy arrest record where he was involved with, you know property forfeiture for manufacturing illegal drugs, for battery, all kinds of ... [SC:] it's public record too like it's known it's public. [JA:] Yeah, yeah and yeah and he's tried to hide all of it." (Ex. 2, at WEALTHY000118).

---

[1] Within these quotations, "JA" signifies John Mulvehill aka John Anthony and "SC" signifies Spencer Cornelia.



PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

4. The Videos include the following assertions that Mr. Buczkowski framed Mr. Mulvehill for his 2013 arrest in Las Vegas, leading to four felony and four misdemeanor charges:

> "[JA:]That's why I don't give a f- saying all this stuff. Like, they came after me trying to set me up for an arrest in the past – in the past which we'll discuss in another video that mother-er." (Ex. 1, at WEALTHY000070-WEALTHY000071).
> "[JA:] I've never been accused or charged with rape that situation with Derek did not involve any sex in the case or any kind of rape accusation. So, you know, like, it's very, very frustrating that they'll play like as low and dirty as they possibly can. Even to the point of setting people up for arrests, even in the point of using intimidation and bullying and threats, and all this stuff." (Ex. 2, at WEALTHY000134).
> "[JA:] Yeah, I actually got arrested. My only time I've ever been arrested in my life was hanging out with this motherfucker one on one, okay he is like one of the worst human beings I've ever met. I didn't know at the time, but he was using aliases, okay. His real name is Dale Buczkowski. He goes by the alias, he was going by the alias RSD Derek had his face hidden everything, we can show you. I'll send you a picture of when he came to visit me in Vegas. basically I got a text and said, Hey, I'm coming to Vegas. Don't, don't let anyone know I'm in town, I'll explain later, okay never explained, without going into all the details of what happened, you know, it's, it's very obvious that he was involved there." (Ex. 2, at WEALTHY000117-WEALTHY000118).
> "[SC:] At the time of your arrest for a guy that's been in this dating world for so long you've had basically one night, that ended in an arrest and it happened to be with Derek, or Dale is his real name. [JA:] And were one-on-one as well. [SC:] You were one-on-one and there I know there was a lot of shady stuff too where he disappeared. He changed his number or something, and then it's like he's your friend he's hanging out with you and you get arrested and then he's gone. [JA:] He was using a burner phone, and he was using an alias at that time. And he claimed to not know the girls that we approached, and then it turns out that one of the main girls in the group was working like a block from where he lives in Chicago, and then that girl ended up dead." (Ex. 2, at WEALTHY000123-WEALTHY000124).

5. The Second Video includes the following assertions that Mr. Buczkowski was involved in the death of the woman who was the alleged victim in the arrest of Mr. Mulvehill:

> "[JA:] That girl a 28 year old, living in Las Vegas who's like the primary witness in the case ended up dead, and I couldn't find the cause of death I searched for it. 28 doesn't make much sense. [SC:] Wow, that was really bizarre. [JA:] That was the link to him." (Ex. 2, at WEALTHY000124).
> In reply to a comment on the Second Video's YouTube page stating the following: "'And then that girl ended up dead' Whoa that escalated quickly. RIP"; Mr. Cornelia stated "looked up the women in Clark County records and she definitely passed. Tried to find the cause of death but they required a lawyer's consent in order to attain those documents." (Ex. 2, at WEALTHY000124)\



PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

## III. SUMMARY JUDGMENT STANDARD

"A party is entitled to summary judgment when the pleadings and discovery show that there are no genuine issues as to any material fact, and that the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d (1986). If the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party, then there are genuine issues of material fact. *See Anderson*, 477 U. S. at 348. All facts and inferences shall be drawn in the light most favorable to the nonmoving party. The nonmoving party may not, however, rest on its pleadings, but rather must present probative and material evidence which would permit a trier of fact to find in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed. 265 (1986). The nonmoving party need not present its own affidavits, but may rely on the 'depositions, answers to interrogatories, and admissions on file' to designate specific facts showing that there is a genuine issue for trial. *Id.*

## IV. DISCUSSION

### A. Plaintiffs are Entitled to Summary Judgment on Their Claim for Defamation.[2]

A claim for relief for defamation requires the plaintiff to prove four elements: (1) a false and defamatory statement; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *CCSD v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385, 213 P.3d 496, 503 (2009) (citations and quotations omitted). "However, if the defamatory communication imputes 'a person's lack of fitness for trade, business, or profession,' or tends to injure the plaintiff in his or her business, it is deemed defamation per se and damages are presumed." *Id.* (quoting *K-Mart Corp. v. Washington*, 109 Nev. 1180, 1192, 866 P.2d 274, 282 (1993). "A statement is defamatory when it would tend to lower the subject in the estimation of the community, excite derogatory opinions about the subject, and hold the subject up to contempt." *Lubin v. Kunin*, 117 Nev. 107, 111, 17 P.3d 422, 425 (2001) (citations omitted). "Whether a statement is defamatory is generally a question of law." *Id.* Statements of opinion are not

[2] Although Plaintiffs demonstrate that they are entitled to summary judgment on their Defamation claim for relief, if the Court believes any element is not satisfied, it should still order the material facts it finds not to be in dispute as established facts in the case pursuant to FRCP 56(g).

actionable. *Nevada Independent Broadcasting Corp. v. Allen*, 99 Nev. 404, 410, 664 P.2d 337, 341 (1983).

When the plaintiff is a public figure or a limited-purpose public figure, he must show actual malice by the defendant when making the defamatory statement. *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 719, 57 P.3d 82, 90-91 (2002) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342-43, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)). Actual malice exists when the statement is made with knowledge that it was false or reckless disregard of whether it was false or not. *Id.* Public figures are those "who achieve such pervasive fame or notoriety that they become a public figure for all purposes and in all contexts." *Id.* However, a limited-purpose public figure is so defined because he "voluntarily injects himself or is thrust into a particular public controversy or public concern, and thereby becomes a public figure for a limited range of issues." *Id.*

*1. The Statements Published by Defendants Were False and Defamatory*[3]

The statements at issue in this litigation are indisputably false and defamatory. (*See* Ex. 3, at ¶¶ 16, 19, 21, 25, 27.) A non-exhaustive list of the statements published by Defendants include assertions that Plaintiff Buczkowski: (1) lied about his educational achievements; (2) laundered money; (3) manufactured and/or sold illegal drugs; (4) framed non-party John Mulvehill for his 2013 arrest in Las Vegas which led to four felony and four misdemeanor charges; and (5) was involved in the death of the woman who was the alleged victim in the arrest of Mr. Mulvehill. (*See* Undisputed Facts, Sections II(B) & (C), *supra.*) Without exception, each of these statements "would tend to lower [Mr. Buczkowski] in the estimation of the community, excite derogatory opinions about [Mr. Buczkowski], and hold [Mr. Buczkowski] up to contempt" and thus are defamatory. *Lubin v. Kunin*, 117 Nev. at 11, 17 P.3d at 425.

During discovery, Defendants did not produce one shred of evidence to support the truthfulness of the published statements, nor did they provide any credible basis for their belief of the truthfulness of the statements. First, regarding the statements that Mr. Buczkowski did not receive a degree from the University of Chicago, this statement is indisputably false. (*See* Ex. 3, at

[3] Although the statements that impugn Mr. Buczkowski's fitness for business are defamation per se, he will discuss each element of Defamation for the Court's consideration.



PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

¶¶ 3, 16-17.) Indeed, Defendant Spencer Cornelia has conceded that he believes these statements are false.[4] (*See* Defendant Spencer Cornelia's Responses to Plaintiffs' First Set of Interrogatories to Defendants Pursuant to FRCP 33, Ex. 4, at Response No. 9) ("The only statements alleged in the Complaint Defendant now believes to be false are those concerning the legitimacy of Buczkowski's education credentials.")

Second, the reasons provided by Mr. Cornelia for his belief that Plaintiffs laundered money are incredible and do not create a genuine dispute of material fact on the issue of truthfulness. Mr. Cornelia asserts, as proof that Plaintiffs laundered money, that Mr. Buczkowski is the only officer of Larson Consulting, that there is only one share of Larson Consulting, and that the total authorized capital for the company is $100. (Ex. 4, at Response No. 7.) Additionally, Mr. Cornelia states that Larson Consulting did not have a sign outside and that it appears to have an inactive Facebook page. (Ex. 4, at Response No. 7.) After reciting these unsubstantiated statements, Mr. Cornelia makes the illogical leap that these alleged facts formed the basis as to why he believed Larson Consulting "could have existed for the purpose of laundering money." (Ex. 4, at Response No. 7.) Not only does Mr. Cornelia fail to suggest a link between these assertions and money laundering, but he even demonstrates his negligent uncertainty that the statements were true when he said Plaintiffs "*could* have" been laundering money. Nor could he confirm the veracity of the allegations of money laundering because they are false. (Ex. 3, at ¶ 19.)

Third, as the basis for the statements that Mr. Buczkowski was selling and/or manufacturing drugs, Mr. Cornelia referenced a civil asset forfeiture complaint which contained allegations about Daryl Buczkowski, Plaintiff's father. (Ex. 4, at Response No. 7.) Defendants recklessly published the videos containing assertions of drug involvement without a true belief to their veracity. Each of these statements are false. (Ex. 3, at ¶ 21-23.)

Regarding the fourth and fifth statements referenced above, Defendants never provided a basis for their truthfulness in discovery. The statements that Defendants published about Mr.

---

[4] Mr. Cornelia stated that he did not believe the statement was false when he published the videos, but he never provided any basis for his previously held belief. (Ex. 4, at Response No. 9.)



PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

Buczkowski were false, (Ex. 3, at ¶¶ 25, 27), and defamatory and the Court should grant summary judgment in favor of Plaintiffs on their Defamation claim for relief.

*2. Defendants Published Unprivileged Statements to Third Parties*

It is undisputed that Defendants published the videos containing the defamatory statements. By posting the videos on Mr. Cornelia's YouTube page, Defendants have published the statements to third parties. Defendants do not, because they cannot, claim any privilege. *See, e.g., Sahara Gaming Corp. v. Culinary Workers Union Local 226*, 115 Nev. 212, 215, 984 P.2d 164, 166 ("The law has long recognized a special privilege of absolute immunity from defamation given to the news media and the general public to report newsworthy evens in judicial proceedings."); *Pope v. Motel 6*, 121 Nev. 307, 317, 114 P.3d 277, 284 (2005) (concluding that a qualified privilege applies to statements made to police in aid of law enforcement). Defendants published the statements to third parties without privilege and the Court should grant summary judgment in favor of Plaintiffs on their Defamation claim for relief.

*3. Defendants are at Fault for Publishing the Statements*

The United States Supreme Court held that "the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual," "so long as they do not impose liability without fault." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 348 (1974). In Nevada, the threshold is fault that, at the least, amounts to negligence. *CCSD v. Virtual Educ. Software, Inc.*, 125 Nev. at 385, 213 P.3d at 503. Negligence is "[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation." *Negligence*, *Black's Law Dictionary* (11th ed. 2019).

Here, to say that Defendants were negligent would be an understatement. Mr. Cornelia has conceded that the statements claiming Mr. Buczkowski lied about his education were false. (Ex. 4, at Response No. 9.) His inference that Plaintiffs "could have" been involved in money laundering because Larson Consulting has one officer, one share, and an inactive Facebook page is negligent because it does not demonstrate the standard of care that a reasonable person would have exercised in a similar situation. *CCSD*, 125 Nev. at 385, 213 P.3d at 503. Likewise, Defendants were negligent to make the leap that Mr. Buczkowski was involved in drug operations because a civil



PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

asset forfeiture complaint contained allegations about Mr. Buczkowski's father. Lastly, Defendants never provided any basis for statements accusing Mr. Buczkowski of framing Mr. Mulvehill for his arrest or the statement that he was involved in the death of the victim of the crime resulting in Mr. Mulvehill's arrest.

When asked what efforts he took to ascertain the truthfulness of the statements, Mr. Spencer stated that he was "provided this information from third parties including Mr. Mulvehill" and that he "reviewed a video Mr. Mulvehill published … which repeats many of his claims." (Ex. 4, at Response No. 8.) These are not the investigatory techniques of a prudent person and Defendants were, at the least, negligent. Defendants made no effort to verify the statements prior to publishing them and they are at fault for the defamatory statements made about Mr. Buczkowski. Accordingly, the Court should grant summary judgment in favor of Plaintiffs on their Defamation claim for relief.

*4. The Statements Impugn Mr. Buczkowski's Fitness for Business and Damages are Presumed*

As a threshold matter, statements that impugn a plaintiff's fitness for trade, business, or his profession are deemed defamation per se and damages are presumed.[5] *CCSD v. Virtual Educ. Software, Inc.*, 125 Nev at 385, 213 P.3d at 504 (citing cases). Here, three of the five statements impugn Mr. Buczkowski's fitness for trade, business, and his business acumen. The statement alleging that Mr. Buczkowski lied about his educational achievements calls into question his qualifications to provide wealth coaching. *See Nevada Ind. Broadcasting v. Allen*, 99 Nev. 404, 664 P.2d 337 (1983) (holding that a political candidate was entitled to recover under defamation per se for comments that injured his professional reputation.). Similarly, the allegations that he was involved in drug dealing and money laundering suggest that he has built wealth through illegal channels and not through the methods and strategies that he teaches in his seminars. *See CCSD*, 125 Nev. at 385, 213 P.3d at 504 ("Thus, if a statement accused an individual of personal misconduct in his or her business or attacks the individual's business reputation, the claim may be one for defamation per se."). Each of these statements impugns Mr. Buczkowski's fitness to provide wealth coaching and are, per se, defamatory with presumed damages. *Id.* Because damages

[5] Although damages are presumed in cases of defamation per se, Plaintiffs will prove the amount of damages at trial.



PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

are presumed for several of the statements published by Defendants, the Court should grant summary judgment in favor of Plaintiffs on their Defamation claim for relief.

5. *Defendants Published Statements of Fact, Not Opinion*

Whether a statement is one of fact or of opinion is a question of law. *Nevada Ind. Broadcasting*, 99 Nev. at 410, 664 P.2d at 342. The question the Court must ask is "whether a reasonable person would be likely to understand the remark as an expression of the source's opinion or as a statement of existing fact." *Id.*

Assertions that Mr. Buczkowski having a degree from the University of Chicago "is not true" and that "[h]e must have been running a drug operation, if it's a house tied to him, it was a house purchased using drug money" are not expression of opinion but, rather, assertions of fact. (*See* Undisputed Fact, Section II(C), *supra.*) A reasonable person would understand the statements as expressions of fact, not of opinion, and the Court should grant summary judgment in favor of Plaintiffs.

6. *Mr. Buczkowski is not a Public Figure or a Limited-Purpose Public Figure*

A public figure is a public official or an individual who "achieves such pervasive fame or notoriety that they become a public figure for all purposes and in all contexts." *Pegasus*, 118 Nev. at 719, 57 P.3d at 91. Mr. Buczkowski is a private individual, not a public figure, engaged in the business of wealth coaching and cannot be said to have "pervasive fame or notoriety."

"A limited-purpose public figure is a person who voluntarily injects himself or is thrust into a particular public controversy or public concern, thereby becomes a public figure for a limited range of issues." *Id.* Mr. Buczkowski is not involved in any issues of public controversy or public concern. *See Bongiovi v. Sullivan*, 122 Nev. 556, 573, 138 P.3d 433, 446 (2006) (listing examples of doctors thrusting themselves into an area of public concern on an issue by "writing letters to politicians and hiring a private lobbyist and public relations agent, authoring articles in national magazines and appearing on national television shows, [and] testifying before an FDA panel."). Because Mr. Buczkowski is not a public figure or a limited-purpose public figure, he does not need

to demonstrate malice[6] and the Court should grant summary judgment in their favor on the Defamation claim for relief.

**V. CONCLUSION**

For the foregoing reasons, the Court should grant summary judgment in favor of Plaintiffs and against Defendants on Plaintiffs' Defamation claim for relief.

Respectfully submitted this 30th day of September, 2022.

PETERSON BAKER, PLLC

By: /s/ Tamara Beatty Peterson
TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001
Facsimile: 702.786.1002

JEFFREY VOCKRODT, ESQ. *(Admitted Pro Hac Vice)*
jvockrodt@cm.law
DAVID JACOBY, ESQ. *(Admitted Pro Hac Vice)*
djacoby@cm.law
CULHANE MEADOWS PLLC
888 Main Street, #543
New York, NY 10044
Telephone: 917.853.0057

*Attorneys for Plaintiffs Wealthy Inc. and Dale Buczkowski*

[6] Although Mr. Buczkowski is not a public figure or a limited-purpose public figure, he has provided ample evidence that Defendants knew the falsity of the statements they published or demonstrated reckless disregard for the truth, thus demonstrating malice. *See Pegasus*, 118 Nev. at 722, 57 P.3d at 92 ("[A]ctual malice is proven when a statement is published with knowledge that it was false or with reckless disregard for its veracity.").



PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of Peterson Baker, PLLC, and that a true and correct copy of the **MOTION FOR PARTIAL SUMMARY JUDGMENT** was served via electronic service, via CM/ECF, on this 30th day of September, 2022, and to the following:

MARC J. RANDAZZA, ESQ.
mjr@randazza.com
RONALD D. GREEN, JR., ESQ.
rdg@randazza.com
ALEX J. SHEPARD, ESQ.
ajs@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
*Attorneys for Defendants*
*Spencer Cornelia, Cornelia Media LLC,*
*and Cornelia Education LLC*

ELIAS P. GEORGE, ESQ.
elias@epglawgroup.com
EPG LAW GROUP
4950 South Rainbow Blvd.
Las Vegas, NV 89118
*Attorneys for non-party John Mulvehill*

JOANNA M. MYERS, ESQ.
jmyers@nevadafirm.com
HOLLEY DRIGGS LTD.
400 S. 4th Street, Third Floor
Las Vegas, NV 89101
*Attorneys for non-party John Mulvehill*

/s/ Clarise Wilkins
Employee of Peterson Baker, PLLC

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

**INDEX OF EXHIBITS**

| Exhibit Number | Title |
|---|---|
| 1. | Excerpts of Transcription of YouTube Video The Authentic or Charlatan |
| 2. | Excerpts of Transcription of YouTube Video Derek Moneyberg – Fake Guru |
| 3. | Declaration of Dale Buczkowski |
| 4. | Defendant Spencer Cornelia's Responses to Plaintiffs' First Set of Interrogatories to Defendants Pursuant to FRCP 33 |
| 5. | Defendant Spencer Cornelia's Responses to Plaintiff's First Set of Requests for Admission Pursuant to FRCP 36 |
| 6. | Defendant Cornelia Media LLC's Responses to Plaintiffs' First Set of Requests for Admission Pursuant to FRCP 36 |
| 7. | Defendant Cornelia Education LLC's Responses to Plaintiffs' First Set of Requests for Admission Pursuant to FRCP 36 |
| 8. | Defendant Spencer Cornelia's Responses to Plaintiffs' Second Set of Requests for Admission Pursuant to FRCP 36 |
| 9. | Defendant Cornelia Media LLC's Responses to Plaintiffs' Second Set of Requests for Admission Pursuant to FRCP 36 |
| 10. | Defendant Cornelia Education LLC's Responses to Plaintiffs' Second Set of Requests for Admission Pursuant to FRCP 36 |
| 11. | Declaration of Tamara Beatty Peterson |