Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Defendants
Spencer Cornelia, Cornelia Media LLC,
and Cornelia Education LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WEALTHY INC., and DALE BUCZKOWSKI, <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC, <br><br> Defendants. | Case No. 2:21-cv-01173-JCM-EJY <br><br> **DECLARATION OF MARC J. RANDAZZA IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)** |

I, Marc J. Randazza, declare:

1. I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I have first-hand knowledge of the facts set forth herein, and if called as a witness could and would testify competently thereto.

2. I am an attorney licensed to practice law in the State of Nevada, and I am a member of the Bar of this Court.

3. I am counsel to Defendants Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC ("Defendants") in this matter.

4. I submit this declaration in support of Defendants' Motion for Leave to Conduct Additional Discovery Pursuant to Fed. R. Civ. P. 56(d) (the "Motion").

5. Although discovery has already been completed in this action, Plaintiffs' Motion for Partial Summary Judgment (ECF No. 60) raises issues of fact that should be resolved through conducting additional discovery prior to the motion being resolved.

6. Specifically, the following issues were raised in Plaintiffs' Motion to which evidence is required for rebuttal:

a. Buczkowski's public figure status (voluntary or involuntary),

b. whether Plaintiffs suffered any damages as a result of the alleged defamation, and

c. further inquiry into areas where Buczkowski appears to have committed perjury.

7. In their Motion for Partial Summary Judgment (ECF No. 60), Plaintiffs claim that Plaintiff Dale Buczkowski is a private figure.

8. Additional discovery is needed to rebut Plaintiffs' claim that Buczkowski is a private figure because Buczkowski's testimony on this topic was vague and non-responsive in his deposition. Specifically, Defendants seek additional discovery on the following topics:

- Which media outlets have covered Buczkowski in relation to his advising career and/or wealth

- Whether those media outlets initiated contact with Buczkowski

- Whether Buczkowski and/or his agents pitched the media outlets to cover him

- Whether Buczkowski paid for coverage by the media outlets

- Which media outlets Buczkowski paid for coverage

- How much Buczkowski paid those media outlets for coverage

- Whether *any* media coverage of Buczkowski was actually organic

- Whether all of the media coverage was paid for by Buczkowski

9. Plaintiffs claim to have suffered damages as a result of Defendants' allegedly defamatory statements.

10. Defendants require additional discovery on this topic because Buczkowski's testimony on this topic was vague and non-responsive in his deposition. Specifically, Defendants seek additional discovery on the following topics:

- Whether Plaintiffs' customers are aware of Defendants' statements, and how they became aware of them
- Whether those customers believed Defendants' statements to be assertions of fact
- Whether those customers believed Defendants' statements to be true
- Whether Defendants' statements affected their perception of Plaintiffs
- Whether Defendants' statements caused them to stop their use of Plaintiffs' services

11. Alternatively, Defendants propose that the Court grant them leave to take a deposition of Plaintiff Wealthy Inc. pursuant to Fed. R. Civ. P. 30(b)(6) on the specific topics of:

- Whether any customers cancelled their memberships with Plaintiffs because of Defendants' statements
- How many customers cancelled their memberships between December 19, 2020 (the date of publication for the First Video) and January 1, 2022 (the date of service of Plaintiffs' expert report on damages, which miraculously claims a perfectly linear trend of damages, even after Cornelia's videos were removed).
- Any statements by former customers citing Defendants' statements in ending their relationship with Plaintiffs
- Whether any customers referred to Defendants' statements in communications with Plaintiffs

12. This discovery is necessary to rebut factual issues raised in Plaintiffs' Motion for Partial Summary Judgment (ECF No. 60).

//

//

Declaration of Marc J. Randazza in Support of Motion for Leave to Conduct Additional Discovery
2:21-cv-01173-JCM-EJY

13. Defendants believe that this additional discovery can be accomplished in 30 days after the current close of discovery, October 31, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 18, 2022.

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265

Declaration of Marc J. Randazza in Support of Motion for Leave to Conduct Additional Discovery
2:21-cv-01173-JCM-EJY