UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC,<br><br>Defendants. | Case No. 2:21-cv-01173-JCM-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion to File Under Seal: Exhibits 7 & 10 to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Pursuant to NRS 41.660 and Motion for Summary Judgment. ECF No. 81.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Further, parties "may not simply rely on [a] … Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at \*1 (D. Nev. Apr. 17, 2019) *citing Foltz*, 331 F.3d at 1133 (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

The Court considered Plaintiffs' Motion and the Exhibits sought to be sealed when filed without redaction. The Court also finds the redactions of Exhibit 7 and 10 filed in Opposition to

1  Defendants' Motion to Dismiss and Motion for Summary Judgment meet with "compelling reasons"
2  standard for sealing these portions of the Exhibits that are properly filed on the public docket.
3        Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to File Under Seal: Exhibits
4  7 & 10 to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Pursuant to NRS
5  41.660 and Motion for Summary Judgment (ECF No. 81) is GRANTED.
6        IT IS FURTHER ORDERED that Plaintiffs' filing at ECF No. 80, containing unredacted
7  versions of Exhibit 7 and 10, shall remain sealed.

Dated this 31st day of October, 2022.

                                                       _____
                                                       ELAYNA J. YOUCHAH
                                                       UNITED STATES MAGISTRATE JUDGE