Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Spencer Cornelia, Cornelia Media LLC,
and Cornelia Education LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WEALTHY INC., and DALE BUCZKOWSKI, <br><br> Plaintiffs, <br><br> v. <br><br> SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC, <br><br> Defendants. | Case No. 2:21-cv-01173-JCM-EJY <br><br> **MOTION TO EXTEND TIME TO CONDUCT DEPOSITION OF JOHN MULVEHILL AND TO EXTEND DEADLINE TO FILE RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> **[FOURTH REQUEST]** |

Pursuant to LR IA 6-1, Defendants Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC (collectively, "Defendants") file this Motion for an extension of time to file their response to Plaintiffs' Partial Motion for Summary Judgment (ECF No. 60) and to conduct the deposition of third-party witness John Mulvehill. Defendants' current deadline to file their opposition to Plaintiff's Motion for Summary Judgment is November 14, 2022, by agreement of the parties. The current deadline imposed by the Court in the related case of *Wealthy Inc. v. Mulvehill*, No. 2:22-cv-00740-JCM-EJY (the "Mulvehill Case") to conduct Mulvehill's deposition is January 18, 2023. (Mulvehill Case ECF No. 48).

## 1.0 Introduction and Factual Background

On August 29 and 30, 2022 (ECF Nos. 44 and 45), Defendants filed their motion to compel and motion for an extension of discovery, collectively seeking that discovery be extended in part to conduct a second deposition of Plaintiff Dale Buczkowski and to depose John Mulvehill. Those motions were granted in part on October 4, 2022 (ECF No. 63). The Court ordered that discovery was extended to October 31 and that the dispositive motion deadline was extended to November 30, 2022. Unfortunately, by the time this order was entered, the dispositive motion deadline had passed and the parties had timely filed cross-motions for summary judgment (ECF Nos. 60, 61, & 62). Then, upon review of Plaintiffs' motion, it became apparent that additional discovery was necessary to challenge some of Plaintiffs' arguments as to why summary judgment was proper. On October 18, 2022, Defendants thus filed their Motion for Leave to Conduct Additional Discovery Pursuant to Fed. R. Civ. P. 56(d) (ECF No. 69).

Following a dispute regarding the scheduling of Buczkowski's continued deposition, Defendants filed a motion to resolve this dispute on October 13, 2022 (ECF No. 64). Magistrate Judge Youchah conducted a hearing on this motion on October 24, during which she set Buczkowski's deposition for December 9 and extended discovery to December 30. (ECF No. 76). During that hearing, counsel for the parties and Magistrate Judge Youchah discussed the efforts made thus far to arrange for the deposition of John Mulvehill, and the Judge also entered a minute order in the Mulvehill Case requiring Mulvehill to provide eight court days for his deposition prior to January 18, 2023. (Mulvehill Case ECF No. 48).

On October 26, 2022, Defendants filed a Motion asking the Court to enter an Order stay Defendants' deadline to respond to Plaintiffs' Motion for Summary Judgment pending resolution of their Rule 56(d) motion or, in the alternative, granting an extension for the response until November 14, 2022. (ECF No. 77). Plaintiffs consented to the latter form of relief, but opposed the stay-related request. (*Id*. at 3; ECF No. 87). The motion remains pending and undecided.

At the time of making their last request, Defendants understood the primary issue to be with securing the deposition of Plaintiff Buczkowski. However, issues have arisen relating to securing the joint deposition of third party witness John Mulvehill.

John Mulvehill is a third party witness in this case, but he is the defendant in the nearly identical Mulvehill Case filed by the same plaintiffs, asserting nearly the same allegations. (*See* Mulvehill Case ECF No. 1). Defendants have moved to consolidate this case with the Mulvehill case in order to streamline the discovery process (ECF No. 43). That motion has been fully briefed since September 6, 2022 (ECF No. 48), but has not yet been decided. On October 4, 2022, Magistrate Judge Youchah issued an Order setting the following parameters on the Mulvehill deposition:

> IT IS FURTHER ORDERED that the parties are to meet and confer no later than October 14, 2022 regarding the deposition of Mr. Mulvehill. The parties are to discuss the possibility and preference to depose Mr. Mulvehill once, even if for more than seven hours on consecutive days, for purposes of obtaining information and evidence relevant and proportional to the needs of this matter and the claims raised against Mr. Mulvehill in the separate case pending before the Court. If the parties are unable to agree on the parameters for taking Mr. Mulvehill's deposition, the parties must bring the issue back before the Court without delay through the filing of a status report regarding the same.

(ECF No. 63 at 13). On October 14, 2022, the Parties filed a Joint Status Report agreeing to take a single deposition for the purpose of both this case and the Mulvehill case. (ECF No. 68). And after the hearing on Defendants' motion to compel reasonable deposition dates on October 24, Magistrate Judge Youchah's minute order in the Mulvehill Case required that Mulvehill provide eight days for which he was available to be deposed no later than January 18, 2023. (Mulvehill Case ECF No. 48).

For now, however, Defendants have no power to force Mulvehill to attend a deposition. Although they could subpoena Mulvehill for deposition, since he resides outside of the United States, any subpoena directed to Mulvehill would take months to process through the Hague Service Convention process. Thankfully, Mulvehill has been cooperative thus far in coordinating the deposition. On November 2, 2022, Mulvehill's counsel provided limited dates before the end

Motion to Extend Time
2:21-cv-01173-JCM-EJY

of this year to take his deposition but provided extensive availability in early January 2023. (*See* Declaration of Alex J. Shepard ["Shepard Decl."], attached as **Exhibit 1**, at ¶ 5). Since this omnibus deposition is likely to take multiple days, his availability this year is not conducive to holding the deposition as required by the parties. A brief extension of the scheduling in this matter past the winter holidays should provide a simple solution to these issues.

**2.0     Legal Standard**

Courts have "broad discretion to stay proceedings as incidental to its power to control its own docket — particularly where … a stay would promote judicial economy and efficiency." *Spilotro v. C.R. Bard, Inc.*, No. 2:19-cv-01586-RFB-BNW, 2022 U.S. Dist. LEXIS 25218, at *2-3 (D. Nev. Feb. 11, 2022) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006); *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also Rock Holdings, LLC v. Indelicato*, No. 2:19-cv-2079-KJD, 2020 U.S. Dist. LEXIS 64733, at *4 (D. Nev. Apr. 13, 2020).

**3.0     Argument**

Good cause exists for a brief stay of briefing on Plaintiffs' Motion for Summary Judgment until the deposition of John Mulvehill can be completed, and for an extension of time until January 31, 2023 to complete that deposition. Here, Mulvehill's testimony is critical in responding to Plaintiffs' Motion for Summary Judgment. Plaintiffs' claims against Defendants in this action largely rest on statements made by Mulvehill in videos recorded by Defendants. Accordingly, the best witness for determining whether those statements were true will primarily be known to Mulvehill. Furthermore, the Court has already recognized the Defendants need to take Mulvehill's deposition, and the Parties have already agreed on a method of taking the deposition in an efficient manner, *i.e.*, taking a single deposition to satisfy the parties' needs in *both* actions.

The only remaining issues are when that deposition should take place, and how that deposition's scheduling should affect the briefing in this action. Mulvehill has provided eight separate days in January 2023 for the deposition to proceed, and counsel for the parties will be

Motion to Extend Time
2:21-cv-01173-JCM-EJY

able to conduct the deposition during that time frame. Accordingly, there is good cause to extend the deadline to take such discovery one month from December 31, 2022 to January 31, 2023.

Additionally, Mulvehill's deposition testimony is necessary to respond to Plaintiffs' Motion for Summary Judgment. Currently, the Parties have stipulated that the deadline for Defendants response brief is due on November 14, 2022. Additionally, Defendants have asked this Court to stay that deadline until their Rule 56(d) Motion is resolved. As a manner of simplifying this issue, Defendants ask this Court to stay briefing on Plaintiffs' Motion for Summary Judgment until that deposition has concluded. In the case that Defendants' Rule 56(d) Motion is not resolved by that time, Defendants stand by their request in their pending Motion for Extension of Time, which requests the following schedule:

- If the Rule 56(d) motion is denied, Defendants shall be required to file their response to Plaintiffs' summary judgment motion no later than 14 days after the order denying the motion.
- If the Rule 56(d) motion is granted, Defendants shall be required to file their response no later than 30 days following the end of whatever extended discovery period the Court permits.

(ECF No. 77 at 3). There is good cause for this scheduling order. If Defendants are required to respond to Plaintiffs' Motion for Summary Judgment without the benefit of either the continued deposition of Plaintiff Buczkowski or of Mulvehill, the Parties will be required to rely on supplementing their respective briefing, requiring leave of the Court and additional, unnecessary motion practice. *See* LR 7-2(g). Accordingly, there is good cause for granting Defendants request for this reasonable extension of time, as it helps secure the "just, speedy, and inexpensive determination" of both this action and the Mulvehill matter. *See* Fed. R. Civ. P. 1; LR 1-1(a).

**4.0    Meet and Confer Certification**

On November 2, 2022, counsel for Defendants and counsel for Plaintiffs met and conferred regarding the relief sought in this Motion. Plaintiffs' counsel indicated that they may consent to

the requested relief, but required additional time to consider it, to review the transcript of the October 24, 2022 hearing, and to speak with Mulvehill's counsel regarding the scheduling of his deposition. (Shepard Decl. at ¶¶ 6-8). Counsel for the parties will meet and confer further regarding this Motion, but Defendants wanted to bring this recent development regarding Mulvehill's deposition to the Court's attention as soon as possible.

**5.0     Conclusion**

In light of the foregoing, Defendants ask this Court to extend the date by which discovery must be taken in this matter from December 30, 2022, to January 31, 2023. Furthermore, Defendants ask this Court to stay briefing on Plaintiffs' Motion for Summary Judgment until 14 days after Mulvehill's deposition has concluded, or until after the Court has decided Defendants Rule 56(d) Motion, whichever occurs later.

Dated: November 3, 2022.          Respectfully Submitted,
                                  /s/ Marc J. Randazza
                                  Marc J. Randazza, NV Bar No. 12265
                                  Alex J. Shepard, NV Bar No. 13582
                                  Randazza Legal Group, PLLC
                                  2764 Lake Sahara Drive, Suite 109
                                  Las Vegas, Nevada 89117

                                  Attorneys for Defendants
                                  Spencer Cornelia, Cornelia Media LLC,
                                  and Cornelia Education LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza