UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC,<br><br>Defendants. | Case No. 2:21-cv-01173-JCM-EJY<br><br>**ORDER** |
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC, and OPTIMIZED LIFESTYLE LLC,<br><br>Defendants. | Consolidated with<br>Case No. 2:22-cv-00740-JCM-EJY |

Before the Court is Defendants John Mulvehill and John Anthony Lifestyle, LLC's Motion to File Without Redactions Exhibits 5, 6, and 7 (ECF No. 115), which Exhibits were filed in support of their Motion to Dismiss the First Amended Complaint for Lack of Subject Matter Jurisdiction or, in the alternative, for Improper Venue. ECF No. 112.

As the parties seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Further, parties "may not simply rely on [a] … Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products,*

1

*Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) *citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

The Court considered Defendants' Motion at ECF No. 115, and the exhibits sought to be sealed. While the Court finds Exhibits 5 and 7 contain personal identification information that is not properly disclosed to the public, the Court's review of Exhibit 6 demonstrates it is not confidential. Exhibit 6 refers to a confidential document, but does not include the confidential document as part of the Exhibit. Further, a review of ECF No. 112, which is the Motion to Dismiss, and Exhibit 6 as originally offered in support of that Motion (found at ECF No. 109-6), shows that the only thing redacted from Exhibit 6 is a Bates number. The document to which the Bates number refers is not part of the originally filed document. Therefore, the Court finds there is nothing about Exhibit 6 that is confidential or that discloses confidential information.

Accordingly, IT IS HEREBY ORDERED that Defendants' John Mulvehill and John Anthony Lifestyle, LLC's Motion to File Without Redactions Exhibits 5, 6, and 7 (ECF No. 115) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Exhibits 5 and 7 attached to ECF No. 115, offered in support of Defendants' Motion to Dismiss, are and will remain sealed.

IT IS FURTHER ORDERED that Exhibit 6 attached to ECF No. 115, offered in support of Defendants' Motion to Dismiss (ECF No. 112, found at 109-6), shall be unsealed.

IT IS FURTHER ORDERED that Defendants' John Mulvehill and John Anthony Lifestyle, LLC's Motion to File Without Redactions Exhibits 5, 6, and 7, ECF No. 111, is DENIED as moot.

Dated this 23rd day of December, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE