UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC,<br><br>Defendants. | Case No. 2:21-cv-01173-JCM-EJY<br><br>**ORDER** |
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC, and OPTIMIZED LIFESTYLE LLC,<br><br>Defendants. | Consolidated with<br>Case No. 2:22-cv-00740-JCM-EJY |

Pending before the Court is Defendants John Mulvehill and John Anthony Lifestyle, LLC's Motion to File Under Seal Exhibits 7, 9, 18, and 19 in Support of their Opposition to Plaintiffs' Motion for Partial Summary Judgement (ECF No. 205).

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner*

*Commc'ns*, 435 U.S. 589, 598 (1978).  Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 447 F.3d at 1178-1179 (citation omitted) (holding that those who seek to maintain the secrecy of documents attached to non-dispositive motions must demonstrate "good cause" supporting secrecy); *see also Phillips ex. rel. Estates of Byrd v. General Motors Corp*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.").  Ultimately, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).  Plaintiffs have met their burden.

The Court's review of Exhibits 7, 9, and 18 shows the contents are such that public disclosure would provide personal confidential information that is properly sealed.  With respect to Exhibit 19, the Court received an ex parte call to chambers on the morning of April 11, 2023 from Defendants' counsel's office.  The Court was asked if Exhibit 19 could be emailed and was simultaneously informed that the contents of Exhibit 19 is a "YouTube" video.  The Court instructed counsel's office to manually file and serve the Exhibit, which has now been done.  The Court does not understand how a YouTube video would be either confidential or proprietary.  No explanation is offered by Defendants in the Motion to Seal.

Accordingly, IT IS HEREBY ORDERED that Defendants John Mulvehill and John Anthony Lifestyle, LLC's Motion to File Under Seal Exhibits 7, 9, 18, and 19 in Support of Defendants John Mulvehill and John Anthony Lifestyle, LLC's Opposition to Plaintiffs' Motion for Partial Summary Judgement (ECF No. 205) is GRANTED in part and DENIED without prejudice in part.

IT IS FURTHER ORDERED that Exhibits 7, 9, and 18 filed under seal at ECF No. 205 are and shall remain sealed.

IT IS FURTHER ORDERED that Exhibit 19 is provisionally sealed.  One or both parties may, **no later than April 18, 2023**, file a **succinct** explanation of whether and why Exhibit 19 is

properly sealed.  If no further information is provided, the Court will place Exhibit 19 on the public docket.

Dated this 11th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE