UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC,<br><br>Defendants. | Case No. 2:21-cv-01173-JCM-EJY<br><br>**ORDER** |
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC, and OPTIMIZED LIFESTYLE LLC,<br><br>Defendants. | Consolidated with<br>Case No. 2:22-cv-00740-JCM-EJY |

Pending before the Court is Defendants John Mulvehill and John Anthony Lifestyle, LLC's Motion to File Under Seal Exhibits 1 and 3 in Support of their Reply to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgement. ECF No. 218

As the party seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets.

*Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).  Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ."  *Kamakana*, 447 F.3d at 1178-1179 (citation omitted) (holding that those who seek to maintain the secrecy of documents attached to non-dispositive motions must demonstrate "good cause" supporting secrecy); *see also Phillips ex. rel. Estates of Byrd v. General Motors Corp*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.").  Ultimately, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).  Defendants have met their burden.

The Court's review of Exhibits 2 and 3 reflects testimony of Plaintiffs' expert and Wealthy's corporate representative, respectively.  A review of the contents of these Exhibits demonstrate they are appropriately sealed.

Accordingly, IT IS HEREBY ORDERED that Defendants John Mulvehill and John Anthony Lifestyle, LLC's Motion to File Under Seal Exhibits 2 and 3 in Support of their Reply to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgement.(ECF No. 218) is GRANTED.

IT IS FURTHER ORDERED that Exhibit 2 and 3 to John Mulvehill and John Anthony Lifestyle, LLC's Reply to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgement (ECF No. 215) are and shall remain sealed.

Dated this 24th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE