UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC,<br><br>Defendants. | Case No. 2:21-cv-01173-JCM-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**ECF No. 141** |
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC, and OPTIMIZED LIFESTYLE LLC,<br><br>Defendants. | Consolidated with<br>Case No. 2:22-cv-00740-JCM-EJY |

Presently pending before the Court is Plaintiffs Wealthy Inc. and Dale Buczkowski's Motion for Leave to Amend Complaint (ECF No. 141).[1] The Court also has before it the Opposition to Plaintiffs' Motion filed by John Mulvehill and John Anthony Lifestyle, LLC[2] (ECF No. 155), the Response to Plaintiffs' Motion filed by Optimize Lifestyle LLC[3] (ECF No. 170), and Plaintiffs' Reply in Support of the Motion to Amend (ECF No. 189).

**I.    Procedural History and Pending Motions**.

This dispute has a complicated history as the issues raised by Plaintiffs were originally filed in two separate cases. Plaintiffs first filed a complaint styled *Wealthy Inc. and Dale Buczkowski v. Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC*[4] on June 21, 2021 (ECF No.

---

[1]   Plaintiffs Wealthy Inc. and Dale Buczkowski are referred to herein as "Plaintiffs."
[2]   John Mulvehill and John Anthony Lifestyle, LLC are referred to collectively as the "JAL Defendants."
[3]   Optimize Lifestyle LLC is referred to as "OL" or the "OL Defendant."
[4]   Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC are referred to herein as the "Cornelia Defendants." When the Court refers to "Defendants," with no other identifier, this includes OL, the JAL Defendants, and the Cornelia Defendants.

1) to which case number 2:21-01173-JCM-EJY was assigned ("*Wealthy v. Cornelia*" or the "1173 Case"). On May 9, 2022, the same Plaintiffs filed a separate complaint against the JAL Defendants. ECF No. 1 in Case No. 2:22-cv-00740-JCM-EJY ("*Wealthy v. JAL*"). On September 30, 2022, Plaintiffs' filed a Motion for Partial Summary Judgment in the 1173 Case. ECF No. 60. The Cornelia Defendants also filed a Motion for Partial Summary Judgment, as well as a Special Motion to Dismiss, on September 30, 2022. ECF Nos. 61 and 62. All three of these Motions are fully briefed and pending before the Court.

On November 8, 2022 the *Wealthy v. Cornelia* and *Wealthy v. JAL* cases were consolidated by Order of the Court in the 1173 Case. ECF No. 94. On November 14, 2022, following a hearing, the Court granted Plaintiffs' request to file a First Amended Complaint in the consolidated case, which Plaintiffs did on that same day. ECF No. 100; *see also*, Transcript at ECF No. 104. On December 12, 2022, separate Motions to Dismiss the First Amended Complaint were filed by the OL and JAL Defendants each contending, *inter alia,* the Court lacked jurisdiction. ECF Nos. 106, 107, and 112.[5] These Motions are fully briefed and also remain pending.

Plaintiffs' instant Motion to Amend their Complaint for a second time was filed on February 13, 2023 (ECF No. 141), followed by a Motion for Partial Summary Judgment and Special Motion to Dismiss by the JAL Defendants (ECF Nos. 171 and 178), a Motion for Summary Judgment by the OL Defendant (ECF No. 184), and a Motion for Partial Summary Judgment by Plaintiffs against all Defendants (ECF No. 185). These dispositive motions are fully briefed and pending before the Court.

There is no dispute that discovery closed in the consolidated matter (after several extensions to, in part, accommodate consolidation) on February 6, 2023. ECF Nos. 101, 141 at 5. Although discovery was extended several times, the date by which amended pleadings were to be filed, September 7, 2022, was not extended. ECF No. 26.

**II.    Discussion**.

There is no doubt that several motions to dismiss, for summary judgment, and for partial summary judgment are pending before the Court. Defendants' Motions argue, in part, that the Court

---

[5]    OL also filed a Joinder to the JAL Defendants' Motion to Dismiss. ECF No. 113.

cannot properly exercise jurisdiction over this case. Some of the arguments contend Plaintiff Buczkowski misrepresented and continues to misrepresent himself as a citizen of the State of Nevada. Other arguments contend Court lacks jurisdiction over Defendants. Plaintiffs' most recent Motion for Partial Summary Judgment argues there is no disputed fact regarding whether Defendants defamed Plaintiffs and that, therefore, judgment should be granted in Plaintiffs' favor and against Defendants on this claim.

The Court's review of the various Motions leads to the concern that jurisdiction may not be properly exercised over claims other than, potentially, the single claim arising under federal law (specifically, Plaintiffs' claim of unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1125 et seq). The claims Plaintiffs seek to add in their proposed second amended complaint arise under state law (specifically, Plaintiffs seeks to assert fraudulent conveyance and successor liability) ECF No. 141. The Court also finds success by Plaintiffs on their defamation claim could substantially change the tenor of this case.

If Plaintiff Buczkowski's claim of Nevada residency is decided against him, then the entire dispute may be dismissed. The lack of jurisdiction over some or all Defendants could lead to dismissal of certain claims. Of course, it is also possible the Court will deny all dispositive motions, exercise supplemental jurisdiction over state law claims, and this case will proceed as pleaded at which time Plaintiffs' request to amend could be considered.

The foregoing non-exhaustive list of potential outcomes of pending dispositive motions warrants the Court's exercise of its ample discretion to manage its docket and ensure efficient use of limited judicial resources. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)) (courts are necessarily vested with control "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Until the pending dispositive and partially dispositive motions are decided, granting or denying Plaintiffs' motion to file a second amended complaint adding two new causes of action is, at best, inefficient. Indeed, granting Plaintiffs' motion to file a second amended complaint will likely lead to Defendants' requests to reopen and conduct additional discovery, as well as to another round of dispositive motion practice arguing jurisdiction is absent.

3

Further, the Court notes amendment to a "complaint is [generally] not permitted after the close of discovery and after a motion for summary judgment has been filed." *Howard v. Klika*, Case No. Civ. 03-792-AA, 2004 WL 2966911, at *1 (D. Or. Dec. 15, 2004) (citations omitted). *See also Bassani v. Sutton*, 430 Fed.Appx. 596, 597 (9th Cir. 2011) ("the district court's ultimate conclusions—that there would be undue delay and prejudice to the defendants if [plaintiff] were allowed to amend his complaint two years into the litigation and after the close of discovery—were not an abuse of discretion."); *Chavez v. Judd*, Case No. EDCV 08-696-AHM (AGR), 2010 WL 4668350, at *3 n.4 (C.D. Cal. Sept. 28, 2010) (the "fact that [a] request for leave to amend came after [the] close of discovery and while [a] summary judgment motion was pending weighs heavily against allowing leave [to amend]") *citing Schlacter-Jones v. General Telephone of Calif.*, 936 F.2d 435, 443 (9th Cir. 1991) (fact that request for leave to amend came after close of discovery and while summary judgment motion was pending "weighs heavily against allowing leave"), *overruled on other grounds by Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) ("a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend"). This general standard militates against granting Plaintiffs' Motion at this time. However, whether a second amended complaint is properly filed after all dispositive issues are decided is left for another day.

The Court finds deciding the issues presented in Plaintiffs' instant Motion for Leave to Amend before dispositive motions are decided is an inefficient use of judicial resources and will only delay resolution of the pending Motions. As such, the Court recommends the Motion be denied without prejudice so that Plaintiffs may, if appropriate, choose to raise amendment after the presently pending dispositive motions are decided.

### III.   Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 141) be DENIED without prejudice.

IT IS FURTHER RECOMMENDED that after all pending dispositive and partially dispositive motions are resolved, Plaintiffs be permitted, if they so choose, to refile the present motion to amend.

Dated this 1st day of June, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).