JAMES A. KOHL, ESQ.
Nevada Bar No. 5692
Email: jkohl@howardandhoward.com
JOANNA M. MYERS, ESQ.
Nevada Bar No. 12048
E-mail: jmm@h2law.com
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568

*Attorneys for Defendant Optimized Lifestyle LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>SPENCER CORNELIA, CORNELIA MEDIA LLC, and CORNELIA EDUCATION LLC,<br><br>Defendants. | Case No.: 2:21-cv-01173-JCM-EJY<br><br>**OPTIMIZED LIFESTYLE'S MOTION FOR RULE 11 SANCTIONS** |
| WEALTHY INC. and DALE BUCZKOWSKI,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN MULVEHILL, JOHN ANTHONY LIFESTYLE, LLC, and OPTIMIZED LIFESTYLE LLC,<br><br>Defendants. | Consolidated with:<br>Case No.: 2:22-cv-00740-JCM-EJY<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant Optimized Lifestyle LLC ("Optimized Lifestyle"), by and through its attorneys of record, hereby moves for sanctions pursuant to Federal Rule of Civil Procedure Rule 11 ("Rule 11") and under this Court's inherent powers against Plaintiffs Wealthy Inc. and Dale Buczkowski (collectively, "Plaintiffs") and their counsel. As explained herein, Plaintiffs' recent Motion For

- 1 -

HOWARD & HOWARD ATTORNEYS PLLC

HOWARD & HOWARD ATTORNEYS PLLC

Partial Summary Judgment as Against John Mulvehill, John Anthony Lifestyle, LLC, and Optimized Lifestyle, LLC [1] ("Motion for Summary Judgment"), unconscionably attempts to deceive this Court that Optimized Lifestyle is liable for defamation based on a pair of videos that Plaintiffs admit were not posted online by Optimized Lifestyle *and* which they know were posted and removed from publication prior to the date that Optimized Lifestyle, LLC was formed. The attempt to deceive the Court is an egregious breach of Plaintiffs' and their attorneys' duty of candor to this Court.  It is also a violation of Plaintiffs' attorneys' professional responsibilities.

The attempt to deceive the court is precisely what Rule 11 is designed to prevent. Optimized Lifestyle respectfully requests that the Court sanction Plaintiffs and Plaintiffs' counsel to the fullest extent possible, including, striking of Plaintiffs' Motion for Summary Judgment as to Optimized Lifestyle, dismissal of this bad-faith action as to Optimized Lifestyle, entry of an award of all legal fees incurred by Optimized Lifestyle in bringing this Motion for Rule 11 Sanctions ("Motion") and its legal fees incurred to defend this baseless lawsuit, and any other such appropriate action as the Court deems proper in light of the improper conduct of Plaintiffs and their counsel.

This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Spencer Cornelia attached hereto as **Exhibit 1**, the Declaration of Joanna Myers attached hereto as **Exhibit 2,** the pleadings and papers on file herein, and any oral argument the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        INTRODUCTION

Plaintiffs' allegations against Optimized Lifestyle in this case have always belied explanation because Optimized Lifestyle did not exist at the time the purported defamatory videos were posted online.[2] In order to maintain their suit against Optimized Lifestyle, Plaintiffs and their counsel have repeatedly misrepresented that Optimized Lifestyle posted videos which Plaintiffs' claim were defamatory. The claims that were asserted against Optimized Lifestyle were made

---

[1] ECF No. 185 (redacted); ECF No. 186 (under seal).

[2] To date, Plaintiffs have not articulated a single defamatory statement attributable to Optimized Lifestyle. *See generally* ECF No. 100.

without any basis in law or fact.[3] Plaintiffs' Motion for Summary Judgment flagrantly attempted to deceive this Court with critical misrepresentations and omissions of fact all while asking for judgment to be entered against Optimized Lifestyle. Plaintiffs' and their attorneys' conduct cannot be ignored.

## II.    STATEMENT OF UNDISPUTED FACTS

### A.    Plaintiffs Were Served With A Safe Harbor Letter

Optimized Lifestyle has complied with Rule 11(c) by serving a copy of this Motion on Plaintiffs, along with a letter requesting that Plaintiffs withdraw the Motion for Partial Summary Judgment and withdraw their baseless FAC against Optimized Lifestyle. *See* Exhibit 2. To the extent that Plaintiffs may wish to argue that the Motion for Summary Judgment was merely erroneously drafted, any such reliance on inadvertence or good faith is not tenable. Plaintiffs and their counsel were presented with this motion and the "safe harbor" letter. *Id.* As Plaintiffs did not timely withdraw or correct the Motion for Summary Judgment, and withdraw this frivolous lawsuit against Optimized Lifestyle, it has been forced to file this Motion. Accordingly, this Court should sanction Plaintiffs' and Plaintiffs' counsel for their baseless Motion for Summary Judgment, their frivolous claims against Optimized Lifestyle, Plaintiffs' and Plaintiffs' counsel's numerous false statements and intentional misrepresentations to this Court, for wasting this Court's precious time and resources, and for unnecessarily causing Optimized Lifestyle to incur tens of thousands of dollars in attorneys' fees.

### B.    The First Amended Complaint, the Cornelia Videos, and The JAL Videos

Plaintiffs initiated this lawsuit against Defendants Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC (collectively, the "Cornelia Defendants") on June 21, 2021 [ECF No. 1]. Plaintiffs did not initiate an action against Optimized Lifestyle, Defendants John Mulvehill

---

[3] Among other things, Defendants in this case have previously brought the Court's attention Plaintiffs' false statements regarding his residency in Incline, Nevada. [ECF No. 95, 107, and 112]. Plaintiffs also made false and baseless assertions that Optimized Lifestyle is the alter-ego of the JAL Defendants without any supporting evidence, and recently, attempt to assert claims Optimized Lifestyle is a successor of the JAL Defendants, despite possessing evidence to the contrary. [ECF 141; 144].

("Mulvehill") and John Anthony Lifestyle LLC ("JAL", and collectively with Mulvehill, the "JAL Defendants"), until May 9, 2022, nearly a year later. During the course of litigation, the action against Optimized Lifestyle and the JAL Defendants was consolidated into this case.

### 1. The Cornelia Videos

Plaintiffs' First Amended Complaint [ECF No. 100 ("FAC")] against Optimized Lifestyle and the JAL Defendants alleges that Spencer Cornelia published two videos containing defamatory content about Plaintiffs on December 19, 2020, and February 19, 2021 (the "Cornelia Videos"). [ECF No. 100, ¶¶ 71-92]. The FAC goes into great detail articulating each and every allegedly defamatory statement made in the Cornelia Videos but does not allege a single allegation of wrongdoing or any connection whatsoever against Optimized Lifestyle with respect to these two videos.[4]

### 2. The JAL Videos

In the FAC, Plaintiffs identified ten videos posted by Defendant Mulvehill (the "JAL Videos"). [ECF No. 100, ¶¶ 54-55]. Plaintiffs claim that the JAL Videos contained "similar" false and defamatory statements against Plaintiffs. [ECF No. 100, ¶ 101]. Unlike the Cornelia Videos, Plaintiffs did not identify what they claimed was defamatory about the JAL Videos.

### 3. Plaintiffs' Claims Arise Solely From The Cornelia Videos

In their Motion for Summary Judgment [ECF No. 186], Plaintiffs assert that all four claims against Optimized Lifestyle and the JAL Defendants *arise from the Cornelia Videos*. [ECF 186, 4:5-16].

### C.    The Basis for Plaintiffs' Claims for Relief

Plaintiffs' Motion for Summary Judgment sets forth the following "Undisputed Facts":

(1)    On November 14, 2022, Plaintiffs filed their First Amended Complaint [ECF No. 100], asserting the following claims for relief: 1) Unfair Competition and False Advertising under the Lanham Act, 15 U.S.C. § 1125 et seq.; 2) Defamation; 3) Intentional Infliction of Emotional Distress; and 4) Business Disparagement. [ECF 186 No., 4:5-11].

(2)    Plaintiffs' four claims are based on [**the Cornelia Videos**] in which John Mulvehill

---

[4] The FAC does not make any allegation of wrongdoing against or attribute any defamatory statements to Optimized Lifestyle because it did not exist at the time the alleged wrongdoing occurred. *See generally* ECF 100.

HOWARD & HOWARD ATTORNEYS PLLC

aka John Anthony made numerous false and defamatory statements that harmed Plaintiffs. [ECF No. 186 4:11-13] (emphasis added).

**(3)** The two videos consist of excerpts of interviews of John Mulvehill conducted by Spencer Cornelia and include statements "which are neither matters of opinion nor based on disputed anonymous accounts of potential witnesses, but are unqualified and provably false statements of fact." [ECF No. 186, 4:13-16 quoting the FAC at ¶ 73].

**(4)** Paragraph 73 of the FAC states in its entirety:

> The First and Second Cornelia Videos include false and defamatory statements by Defendants which are neither matters of opinion nor based on disputed anonymous accounts of potential witnesses, but are unqualified and provably false statements of fact. These statements made by Defendants in the First and Second Cornelia Videos and published by Mr. Cornelia, are among the subjects of this lawsuit.

[ECF No. 100, ¶ 73] (emphasis added).

**(5)** Plaintiffs identify the Cornelia Videos in the Motion for Summary Judgment as *The Authentic or Charlatan* and *Derek Moneyberg—Fake Guru?* [ECF No. 186, 4:17-5:15]. These same two videos are defined in Plaintiffs' FAC as the "First and Second Cornelia Videos." [ECF No. 100, ¶¶ 71-73].

**(6)** Plaintiff's Motion for Summary Judgment outlines each of the allegedly defamatory statements set forth in the Cornelia Videos. [ECF No. 186, 6:1-8:6].

**(7)** Plaintiff's Motion for Summary Judgement does not rely upon or identify any allegedly defamatory content published anywhere other than in the Cornelia Videos. *See generally,* ECF 186 Section II(A), (C).

**D.    Undisputable Facts**

**(1)** The Cornelia Videos were removed from Defendant Cornelia's YouTube Channel and have not been available to be viewed by the public since June 9, 2021. [ECF No. 57-2, ¶¶ 76, 90, 424, 432]. Cornelia Decl., ¶¶ 3-6.

**(2)** Plaintiffs' attorneys were informed on June 9, 2021, that the Cornelia Videos were removed from the Internet and no longer accessible to the public.

/ / / /

/ / / /

/ / / /

/ / / /



**Mr. Dale Buczkowski and Wealthy Inc.**

**Spencer Cornelia** <spencer0cornelia@gmail.com>                Wed, Jun 9, 2021 at 10:50 AM
To: Jeff B. Vockrodt <jvockrodt@cm.law>
Cc: David Jacoby <djacoby@cm.law>

All videos mentioned in your letter have been set to Private, which is not accessible by anyone.
[Quoted text hidden]

Cornelia Decl., ¶¶5-6, and Exhibit A (emphasis added); *see also* ECF No. 1, ¶¶ 55, 80 (referencing viewing statistics all predating June 9, 2021).

## III.      LEGAL STANDARD

### A.      Plaintiffs Are Bound By Their Judicial Admissions

> The admissibility of evidence … is generally a procedural matter governed by the Federal Rules of Evidence. Under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court. Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well. Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.

*Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)(citations and punctuation omitted).  Plaintiffs and their attorneys admitted as a matter of law that all four of the causes of action in the FAC flow *solely* from the Cornelia Videos.  *Id.*; [ECF 186 4:6 -13 ("These claims are based on two videos…"].  Moreover, it is undisputable that Plaintiffs and their attorneys were *expressly aware* that the Cornelia Videos were not able to be viewed by the public *since June 9, 2021*. Cornelia Decl., ¶¶4-6, and Exhibit A; *see also* ECF No. 1, ¶¶ 55, 80 (referencing viewing statistics all predating June 9, 2021). Despite this knowledge, Plaintiffs filed their Motion for Summary Judgment (and this frivolous suit) against Optimized Lifestyle claiming that it is liable to them for statements that were *removed from the Internet on June 9, 2021*, two months prior to the formation of Optimized Lifestyle on August 5, 2021. [ECF 184-2, ¶ 6; ECF 184-3, ¶ 7]. With this knowledge, Plaintiffs and their counsel falsely represented to the Court that Plaintiffs are entitled to summary judgment against Optimized Lifestyle based on the statements contained in the

Cornelia Videos.

### B.    Plaintiffs and their attorneys should be sanctioned under Rule 11

The Federal Rules of Civil Procedure set a minimum standard of professional responsibility with respect to court filings. Specifically, Rule 11(b) provides that an attorney who presents a pleading to the court, "whether by signing, filing, submitting, or later advocating it," certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defendants, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The purpose of Rule 11 is to deter attorneys and litigants from misconduct and to streamline administration and procedure of the federal courts. *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018). If a pleading violates Rule 11(b), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

As stated by this Court, "the main objective of Rule 11 is to deter baseless filings and curb litigation abuses." *U.S.A. Dawgs, Inc. v. Crocs, Inc.*, 2019 WL 2291457, at *1 (D. Nev. May 29, 2019), aff'd, 848 F. App'x 788 (9th Cir. 2021) (*citing Salman v. State of Nevada Comm. On Judicial Discipline*, 104 F. Supp. 2d 1262, 1270 (D. Nev. 2000)). "Further, Rule 11 addresses two separate problems: "first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment." *Id.; Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Both outright misstatements and omission of facts can give rise to Rule 11(b) sanctions. *In re California Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1052 (N.D. Cal. 2021) ("Rule 11 sanctions may be appropriate not just where a party affirmatively misleads the Court, but where she 'omit[s]c critical information'") (internal citations omitted). *See also In re Brent*, 458 B.R. 444, 457 (Bankr. N.D. Ill. 2011) (applying equivalent Rule 9011(b) "misleading omissions of fact are equally sanctionable"). Even reckless statements are sanctionable when coupled with an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). When evaluating a pleading, motion, or other paper, the court applies an objective standard, looking at the attorney's conduct at the time of signing.  *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1526 (9th Cir. 1990). The court must determine whether a reasonable and competent attorney would believe in the merit of an argument. *E.g.*, *Meza-Perez v. Sbarro LLC*, No. 219CV00373APGNJK, 2020 WL 5848091, at *1 (D. Nev. Sept. 30, 2020) (internal citations omitted). Where a court finds that Rule 11 has been violated, it can impose "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The sanction may include "nonmonetary directives," and, if based on a motion, may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

Jeff Vockrodt and David Jacoby had <u>actual</u> knowledge that the Cornelia Videos had been taken down on June 9, 2021, and that Optimized Lifestyle was not formed until August 5, 2021. Notwithstanding these undeniable facts, Plaintiffs filed the Motion for Summary Judgment and the FAC seeking damages from Optimized Lifestyle for the Cornelia Videos. [ECF 186:6-16]. Plaintiffs and their attorneys also tried to dupe the Court by misrepresenting the deposition testimony of Optimized Lifestyle's Fed. R. Civ. Pro. 30(b)(6) witness. Plaintiffs and their counsel know the witness was testifying about the date the JAL Videos were taken down from the Internet, but Plaintiffs' Motion for Summary Judgment represents to the Court that the witness was testifying about the Cornelia Videos. No reasonable and competent attorney would believe in the merits of Plaintiffs' arguments.

/ / / /

**HOWARD & HOWARD ATTORNEYS PLLC**

## IV.    ARGUMENT

This Court should grant sanctions against Plaintiffs and Plaintiffs' attorneys for filing frivolous claims against Optimized Lifestyle and for pursuing such claims through purposeful false and deceptive statements in Plaintiffs' Motion for Summary Judgment intended to deceive this Court to obtain a judgment that has no basis in law or fact.

Plaintiffs' Motion for Summary Judgment clearly and expressly asserts that all four of Plaintiffs' claims against Optimized Lifestyle (and the other Defendants) arise from two the Cornelia Videos as set forth in Paragraph 73 of the FAC, the Cornelia Videos. [ECF 186, 4:6-16]. Rather than be truthful with this Court and argue the merits of the case on the facts, Plaintiffs improperly attempted to mislead this Court into believing that Optimized Lifestyle maintained the Cornelia Videos on its own website and seek summary judgment against Optimized Lifestyle on that basis.

After precisely identifying the Cornelia Videos as the two videos upon which Plaintiffs' Motion for Summary Judgment relies, and with actual knowledge these videos were removed from the Internet months before Optimized Lifestyle existed, Plaintiffs proceed to argue that summary judgment is proper against Optimized Lifestyle because "OL maintained videos containing false and defamatory statements on its website after its formation." [ECF 186, 8:20-21]. However, Plaintiffs and Plaintiffs' counsel unconscionably fail to inform the Court that these are not the same "videos". They are not the Cornelia Videos, upon which Plaintiffs base their Motion for Summary Judgment or their claims in the FAC.

Incredibly, Plaintiffs and their counsel double-down on the deception, going so far as to attach excerpts from the deposition transcript of Optimized Lifestyle's 30(b)(6) witness referencing the removal of the JAL Videos[5] by Mr. Mulvehill from the John Anthony Lifestyle YouTube Channel after Optimized Lifestyle was formed—again, failing to inform the Court that the videos discussed in the cited deposition are not the same two videos upon which Plaintiffs' Motion for Summary Judgment and all four claims in this case are based.

---

[5] Plaintiffs' FAC does not identify a single defamatory statement contained in the JAL Videos.

The excerpt of the deposition transcript of Optimized Lifestyle's 30(b)(6) attached to Plaintiffs' Motion for Summary Judgment lays bare Plaintiffs' deception. During the 30(b)(6) deposition, Plaintiffs' New York attorney, Jeff Vockrodt, precisely identifies the video being discussed in the deposition as the JAL Video[6] released on May 10, 2020. [ECF 185-9, 91:87-14]. Plaintiffs' Motion for Summary Judgment makes absolutely no reference to the May 10, 2020, JAL Video and is not a basis for Plaintiffs' claims or Motion for Summary Judgment.[7] [ECF 186 *generally*]. The patent dishonesty of such representations by Plaintiffs and their counsel in the Motion for Summary Judgment is a fraud upon the Court.

Plaintiffs' and their counsel's deception is not merely reckless or accidental; nor can Plaintiffs' or their counsel feign confusion. All parties and counsel in this case are <u>very</u> familiar with and can distinguish between the Cornelia Videos and the JAL Videos, which Plaintiffs themselves defined in their initial Complaint filed nearly a year ago and again in the FAC. [ECF 100, ¶¶ 53-56 (defining the JAL Videos, but not enumerating a single defamatory statement allegedly contained therein; ECF 100, ¶¶ 71-73 (defining the Cornelia Videos)].

Not only do Plaintiffs and their counsel egregiously fail to inform this Court that the two videos Plaintiffs attempt to attribute Optimized Lifestyle in the Motion for Summary Judgment are not the Cornelia Videos, but Plaintiffs' and their counsel <u>have actual knowledge</u> that Optimized Lifestyle could <u>not</u> have published the Cornelia Videos (or "maintained" them on any website) because the videos were removed from the Internet on June 9, 2021, months before Optimized Lifestyle was formed on August 5, 2021. [ECF 184-2, ¶ 6; ECF 184-3, ¶ 7]. On June 9, 2021, immediately upon receiving notice of this lawsuit, Defendant Cornelia emailed Plaintiffs' counsel Jeff Vockrodt and David Jacoby and Jeff Vockrodt[8] informing them that Cornelia had removed the Cornelia Videos from his YouTube Channel. Cornelia Decl., ¶ 3, Exhibit A. The Cornelia Videos have not been accessible or viewable to the public since that time. *Id.* at ¶ 5. On August 6, 2021, Defendant Cornelia contacted Plaintiff Dale Buczkowski directly via text message, further

---

[6] *Id.*

[7] *Id.*

[8] Admitted *pro hac vice*.

informing him that the videos were removed immediately upon learning of the instant lawsuit. Cornelia Decl., ¶ 6, Exhibit B. Cornelia Decl., ¶¶ 3-6. As such, Plaintiffs' claims and assertions made in the Motion for Summary Judgment against Optimized Lifestyle have absolutely no objective basis in law or fact. No reasonable and competent attorney could believe in the merit of Plaintiffs' arguments and would recognize Plaintiffs' assertion that Optimized Lifestyle maintained the videos upon which the Motion for Summary Judgment is based as what it is—a bold-faced untruth.[9]

> It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts. *See Advisory Committee Note on Rule 11*, 28 U.S.C.App., p. 576. Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not interposed for any improper purpose." An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." Such a sanction may, but need not, include payment of the other parties' expenses. *See ibid*. Although the Rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy, *ibid.*, any interpretation must give effect to the Rule's central goal of deterrence.

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454, 110 L. Ed. 2d 359 (1990). Plaintiffs' and Plaintiffs' counsel's egregious conduct in this case is precisely the type of behavior Rule 11 is intended to deter.

## V.    CONCLUSION

Plaintiffs and their counsel's egregious attempt to deceive this Court through intentional omissions and false insinuations of fact is simply astounding and cannot be interpreted as anything other than bad faith. Accordingly, and for reasons set forth above, Optimized Lifestyle respectfully requests that this Court order Plaintiffs to dismiss their meritless claims against Optimized Lifestyle and strike, as to Optimized Lifestyle, Plaintiffs' Motion for Summary Judgment. Plaintiffs' further

---

[9] Plaintiffs' own FAC demonstrates that Plaintiffs and their counsel are, and have been well aware all along, that the Cornelia Videos were removed from the Internet and not available for public viewing any time after June 9, 2021. Additionally, Plaintiffs are in possession of the website analytics produced by the parties in this case demonstrating the Cornelia Videos received no views after June 9, 2021. [*See e.g.,* ECF 57-2, ¶¶ 76, 90, 424, 432].

requests that this Court award Optimized Lifestyle its attorneys' fees and costs incurred in bringing this Motion and defending against Plaintiffs' frivolous claims.

Dated this 2nd day of June, 2023.

**HOWARD & HOWARD ATTORNEYS PLLC**

*/s/* Joanna M. Myers
JOANNA M. MYERS, ESQ.
JAMES A. KOHL, ESQ.
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
*Attorneys for Defendant Optimized Lifestyle LLC*

**HOWARD & HOWARD ATTORNEYS PLLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of June, 2023, I electronically filed the foregoing **OPTIMIZED LIFESTYLE'S MOTION FOR RULE 11 SANCTIONS** with the Clerk of Court using the CM/ECF System, and served a true and correct copy of the filing on the following:

Tamara Beatty Peterson, Esq.
Nikki L. Baker, Esq.
PETERSON BAKER, PLLC
701 S. 7th St.
Las Vegas, NV 89101
and
Jeffrey Vockrodt, Esq.
CULHANE MEADOWS PLLC
888 Main St. #543
New York, NY 10044
*Attorneys for Plaintiffs*

Marc J. Randazza, Esq.
Alex J. Shepard, Esq.
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Dr. Suite 109
Las Vegas, NV 89117
*Attorneys for Spencer Cornelia, Cornelia Media, LLC*
*and Cornelia Education, LLC*

Tyler J. Watson, Esq.
L. Renee Green, Esq.
Alina Krauff, Esq.
KRAVITZ SCHNITZER
JOHNSON & WATSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
*Attorneys for Defendants John Anthony Lifestyle, LLC and*
*John Mulvehill*

/s/    Joanna M. Myers
An employee of Howard & Howard Attorneys PLLC

4884-1358-1403, v. 3