UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEALTHY, INC., et al., | Case No. 2:21-CV-1173 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| SPENCER CORNELIA, et al., | |
| Defendant(s). | |

Presently before the court is defendants John Anthony Lifestyle, LLC ("JAL") and John Mulvehill (collectively, "defendants")'s motion to dismiss plaintiffs Wealthy Inc. and Dale Buczkowski (collectively, "plaintiff")'s complaint for lack of personal jurisdiction or, alternatively, improper venue (ECF Nos. 106, 107), which was joined by defendant Optimized Lifestyle LLC (ECF No. 113). Plaintiffs filed a response (ECF No. 117), to which defendant replied (ECF No. 120). Optimized Lifestyle joined in the reply as well (ECF No. 126).

Also before the court is defendants' request for judicial notice related to the motion to dismiss. (ECF No. 110). Plaintiffs filed a response in opposition (ECF No. 118), to which defendants replied (ECF No. 121). Defendants also filed a request for judicial notice related to their reply to the initial motion to dismiss (ECF No. 124).

Also before the court is Optimized Lifestyle's own motion to dismiss. (ECF No. 112). Plaintiffs filed a response (ECF No. 119), to which Optimized Lifestyle replied (ECF No. 125).

Also before the court is plaintiffs' motion to supplement (ECF No. 142) their response to Optimized Lifestyle's motion to dismiss. Optimized Lifestyle filed a response (ECF No. 150), to which plaintiffs replied (ECF No. 167).

**James C. Mahan**
**U.S. District Judge**

**I.     Background**

Defendants are John Mulvehill, a "dating and self-improvement coach," and his company. Plaintiffs are an "entrepreneurship, finance, business, real-estate and self-improvement company" and Dale Buczkowski, its owner who operates the business under the federally trademarked alias "Derek Moneyberg." As plaintiffs allege, defendants released a series of videos on YouTube that contained "false, misleading, and defamatory statements" about them through an account associated with JAL. (ECF No. 100).

Further and as primarily relevant to the instant motions, according to plaintiffs, defendants collaborated with fellow consolidated defendant Spencer Cornelia to release more purportedly defamatory videos. Specifically, Cornelia remotely recorded two interview videos with Mulvehill wherein Mulvehill makes several statements about plaintiffs including that Buczkowski lied about his educational history and committed various crimes like money laundering.

According to plaintiffs, the statements in these videos are false and caused damage to their brands. They allege that after the videos were released, they saw a drop in revenue. They subsequently brought this lawsuit including claims for defamation and several federal Lanham Act claims related to use of their marks in the allegedly defamatory videos. They had separately sued Cornelia for his role in the videos.

Upon motion of the parties, the court consolidated the cases against Mulvehill and Cornelia. (ECF No. 9). Following consolidation, plaintiffs filed an amended complaint (ECF No. 100), which defendants now move to dismiss on the ground that discovery has proven that this court lacks jurisdiction (ECF No. 106), or, at least, is not the proper venue (ECF No. 107).

**II.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true, and factual disputes should be

construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Personal jurisdiction is a two-prong analysis. First, an assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Next, "[w]hen no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). However, Nevada's "long-arm" statute applies to the full extent permitted by the due process clause, so the inquiry is the same, and the court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

"[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (quotation marks and citation omitted). A court may also assert general jurisdiction over a defendant when the plaintiff shows that "the defendant has sufficient contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, the defendant's affiliations with the forum state must be so "continuous and systematic" so as to render the defendant essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General jurisdiction is appropriate even if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

Alternatively, the Ninth Circuit has established a three-prong test—the minimum contacts test—for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or

James C. Mahan
U.S. District Judge

- 3 -

>resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
>(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
>(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The Ninth Circuit treats purposeful availment and purposeful direction as separate methods of analysis. *Wash. Shoe Co.* 704 F.3d at 672. Purposeful availment is for suits sounding in contract, whereas purposeful direction is for suits sounding in tort. *Schwarzenegger*, 374. F.3d at 802 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

### III. Discussion

The parties concede that there is no general personal jurisdiction. Therefore, the court considers only specific jurisdiction.

Defendants argue that because they have discovered evidence that Buczkowski is not a Nevada resident, there is no way for this court to exercise personal jurisdiction over them. While the court ultimately agrees that it lacks jurisdiction, focusing solely on plaintiff's residence misrepresents the applicable analytical framework.

As discussed above, personal jurisdiction is predicated on the satisfaction of the minimum contacts test. Prong one of the minimum contacts test requires that a "non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum." *Schwarzenegger* 374 F.3d at 802. "Copyright and trademark infringement claims, which sound in tort" are subject to the purposeful direction analysis. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020). Likewise, intentional torts, like defamation, are subject to the same analysis. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 605 (9th Cir. 2018).

James C. Mahan
U.S. District Judge

- 4 -

1         In the Ninth Circuit, there are two diverging analyses for purposeful direction. For actions that take place outside of the forum state, the *Calder* effects test applies and asks whether the defendant (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) the defendant knew that the brunt of the harm was likely to be suffered in the forum state. *Washington Shoe Co. v. A–Z Sporting Goods, Inc.*, 704 F.3d 668, 673 (9th Cir. 2012). For conduct that occurs within the state, however, simply committing the intentional tort is enough to satisfy purposeful direction (and the second prong of the minimum contacts test). *See Freestream*, 905 F.3d at 603.

          This case presents an interesting intersection of those two analyses. Mulvehill was never physically present in Nevada during the relevant conduct—nor was JAL, for that matter. While his physical presence in the state certainly does not preclude the court from exercising jurisdiction over him, *see id.* at 605, it does help frame the appropriate inquiry.

          He was digitally connected to Cornelia, a Nevada resident, recorded videos with him, and made statements to him, presumptively while Cornelia himself was present in Nevada (although this is not directly alleged). This points toward use of the *Calder* test, since the actual uttering of the statements took place in Brazil, out of the state, even if simultaneously transmitted to Nevada.

          Applying the *Calder* test, there is no question that plaintiff committed an intentional act—he spoke with Cornelia and made the statements in question. However, the other two elements are more complicated. It is not clear that Mulvehill expressly aimed the statements at Nevada, nor was the brunt of the harm suffered here.

          The statements in question were made with the intention that they would be released in a YouTube video available worldwide. In fact, as far as Mulvehill was concerned, there was no real distinction between making the statements to the camera/Cornelia and making them to the world. His goal was the same—disseminating his claims to the far reaches of the digital world.

          Plaintiffs cite several California state court cases for the proposition that transmitting a defamatory statement into a state confers personal jurisdiction in that state. *See* (ECF No. 117 at 10). While that may be true in some circumstances, those cases also assume that the harm from

James C. Mahan
U.S. District Judge

- 5 -

1 the statements will be felt in that state. That is, the statements are made with the intent of
2 defaming the target party and causing reputational injury *in that state*. Those are not the facts
3 here.

4 Mulvehill may have known that Cornelia was in Nevada, and for the purposes of this
5 motion the court will assume that he did. But that did not matter to him. The statements were
6 made with the intention of being broadcast globally. Mulvehill did not specifically intend the
7 statements to harm Buczkowski in Nevada, nor is there any actual evidence of harm in Nevada.
8 Nevada served as nothing but a transmission conduit here. The defamatory statements passed
9 through the state on their way to broader internet publication.

10 Were Buczkowski a Nevada resident, that could make a difference—the harm would then
11 be felt in the state. But, as the evidence shows, he is not a resident. Deposition testimony from
12 the owner of his alleged residence merely visits occasionally and has some mail delivered to a
13 Nevada address. *See* (ECF No. 109-3).

14 While that is not enough at the motion to dismiss stage, as the court views any factual
15 disputes in the light most favorable to plaintiffs, there is more. Buczkowski does not own a
16 home here. He is not registered to vote here. He does not have a driver's license here. He does
17 have a business registered and domiciled in Nevada (Larson Consulting LLC), but that business
18 is not a party to this action, and the fact that Nevada is the domiciliary of one of his many
19 businesses does not outweigh the fact that he has essentially no other ties to the state.

20 Despite what the parties would have the court believe given the superfluous number of
21 filings on this jurisdictional issue—two sets of motions and responsive briefings (ECF Nos. 106;
22 107; 112, 117; 119; 120; 122; 123; 123; 125), multiple joinders (ECF Nos. 113; 126), separately
23 filed exhibits and declarations (ECF Nos. 108; 109; 122; 123), and a disputed request for judicial
24 notice wherein the parties spend three different documents arguing over whether the court may
25 properly notice a wholly irrelevant property record (ECF Nos. 110; 118; 121)—the question is
26 actually quite simple. Can plaintiffs prove they were harmed in Nevada? Instead of proffering a
27 shred of evidence beyond *ipse dixit* that Buczkowski is a Nevada resident (and thus felt the
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

effects required of the *Calder* test here), they provide nothing but a handful of pieces of mail, some of which is addressed to nonparty Larson Consulting LLC. (ECF No. 119-5).

As the party invoking the jurisdiction of this court, plaintiffs have the burden of proving that jurisdiction. *See CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1073 (9th Cir. 2011) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). All they needed to do was provide evidence that Buczkowski was a resident here. Instead, they grasp at straws to do so and leave the court skeptical of plaintiff's connection to this state. Defendants, meanwhile, provide deposition testimony from the owner of the Nevada property Buczkowski supposedly resides in, controverting that statement as well as interrogatory responses that show Buczkowski has a (now-expired) Illinois driver's license, claims to reside at 11 different properties, and most recently owned property in Illinois. *See* (ECF No. 109). The balance of factors indicates that he resides not in Nevada, but in Illinois, if anywhere in the United States.

In the end, plaintiffs urge this court to exercise jurisdiction over an action where the requisite nexus was the fact that several defamatory statements had a proverbial layover in Nevada as they awaited global publishing on the internet. The Supreme Court has held that "personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." *See Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (analyzing *Walden v. Fiore*, 571 U.S. 277 (2014)).

The court is not convinced that defendant expressly aimed any of his actions toward this state. Mulvehill's actions relating to Nevada are closer to "untargeted negligence" than they are to being the "focal point both of the story and of the harm suffered." *See Calder v. Jones*, 465 U.S. 783, 789 (1984). It is not reasonable for Mulvehill to be hauled into court in Nevada when his only connection to the state is the fact that the individual he was speaking to happened to be in Nevada. Without evidence that Nevada served as the epicenter of the harm in this case, as it would if Buczkowski were proven to be a resident here, the *Calder* effects test is not satisfied, and this court lacks jurisdiction.

Because Optimized Lifestyle joined plaintiffs' motion, the court need not consider the separate motion to dismiss it filed. Likewise, the court denies plaintiffs' motion to supplement

**James C. Mahan**
**U.S. District Judge**

- 7 -

its response to that motion since all subsequent briefing is rendered moot by the dismissal. This dismissal also renders moot defendants' second motion to dismiss for improper venue (ECF No. 107), as well as all subsequent summary judgment briefing involving these defendants.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 106) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that all claims against John Mulvehill, John Anthony Lifestyle, and Optimized Lifestyle be, and the same hereby are, DISMISSED, without prejudice.

IT IS FURTHER ORDERED that defendants' alternative motion to dismiss for improper venue (ECF No. 107) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Optimized Lifestyle's motion to dismiss (ECF No. 112) and plaintiffs' motion to supplement their response to that motion (ECF No. 142) be, and the same hereby are, DENIED as moot

IT IS FURTHER ORDERED that all pending motions involving John Mulvehill, John Anthony Lifestyle, and Optimized Lifestyle (ECF Nos. 171; 178; 179; 184; 185; 186) be, and the same hereby are, DENIED as moot.

DATED July 27, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -