1
2
3
4               UNITED STATES DISTRICT COURT
5                    DISTRICT OF NEVADA
6                          * * *
7   WEALTHY, INC., et al.,                    Case No. 2:21-CV-1173 JCM (EJY)
8                          Plaintiff(s),               ORDER
9         v.
10  SPENCER CORNELIA, et al.,
11                        Defendant(s).
12
13        Presently before the court is defendant Optimized Lifestyle LLC ("Optimized
14  Lifestyle")'s motion for attorney's fees. (ECF No. 236). Plaintiffs Wealthy Inc. and Dale
15  Buczkowski (collectively, "plaintiffs") filed a response (ECF No. 240), to which Optimized
16
17  Lifestyle replied (ECF No. 243).
18  **I.     Background**
19        This court has adjudicated numerous motions in this action, which consists of two
20  consolidated cases pertaining to allegedly defamatory statements made by one of the defendants
21  on his YouTube channel.
22
23        In one case, plaintiffs sued defendants Spencer Cornelia ("Cornelia"), Cornelia Media
24  LLC, and Cornelia Education LLC. (ECF No. 1). In another case now consolidated with the
25  instant matter and the subject of Optimized Lifestyle's present motion, plaintiffs sued defendants
26  John Mulvehill ("Mulvehill"); John Anthony Lifestyle, LLC; and Optimized Lifestyle. (Case
27  No. 2:22-cv-00740-JCM-EJY, ECF No. 1).
28

**James C. Mahan**
**U.S. District Judge**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mulvehill is a "dating and self-improvement coach," and his company is Optimized Lifestyle. (ECF No. 100 at 6). Plaintiffs are Wealthy Inc. ("Wealthy"), an "entrepreneurship, finance, business, real-estate and self-improvement company," and Dale Buczkowski, Wealthy's owner who operates the business under the federally trademarked alias "Derek Moneyberg." (*Id.* at 4-5). As plaintiffs alleged, Mulvehill released a series of videos on YouTube that contained "false, misleading, and defamatory statements" about them through an account associated with John Anthony Lifestyle, LLC. (*Id.* at 8).

According to plaintiffs, the statements in these videos were false and caused damage to their brands. They alleged that after the videos were released, plaintiffs saw a drop in revenue. (*Id.* at 18). Subsequently, plaintiffs brought this lawsuit, asserting claims for defamation and several federal Lanham Act claims related to the use of their marks in the allegedly defamatory videos. (*Id.* at 20-25). They had separately sued Cornelia for his role in the videos.

Upon motion of the parties, the court consolidated the cases against Mulvehill and Cornelia. (ECF No. 9). Following consolidation, plaintiffs filed an amended complaint (ECF No. 100), which Optimized Lifestyle moved to dismiss on the ground that discovery had proven that this court lacked personal jurisdiction (ECF No. 106), or, at least, was not the proper venue (ECF No. 107).

The court granted the motion and dismissed all claims against Mulvehill; John Anthony Lifestyle, LLC; and Optimized Lifestyle. (ECF No. 232).

Optimized Lifestyle now moves the court for attorney's fees, arguing that the Lanham Act; Federal Rules of Civil Procedure 54 and 68; Nevada Revised Statutes ("NRS") 18.010 and 17.117; and Nevada Rule of Civil Procedure ("NRCP") 68 all provide a basis for an award of

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   attorney's fees.  (ECF No. 236).[1]  The court denies Optimized Lifestyle's motion, finding that

2   the grounds under which Optimized Lifestyle moves for attorney's fees either lack merit or are

3   premature.

4   **II.    Legal Standard**

5       Under the "American rule," litigants generally must pay their own attorney's fees in

6

7   absence of a rule, statute, or contract authorizing such an award.  *See Alyeska Pipeline Co. v.*

8   *Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc.*, 197 F.3d at 1280–81.

9   Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district

10

11  court.  *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

12      "In an action involving state law claims, we apply the law of the forum state to determine

13  whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or

14  procedural rule."  *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*,

15
    421 U.S. at 259 n.31.  Under Nevada law, attorney's fees are available only when "authorized by
16
    rule, statute, or contract."  *Flamingo Realty, Inc.*, 879 P.2d at 73; NRS 18.010.
17

18      Although state law governs whether a party is entitled to attorney's fees, federal law

19  dictates the procedure for requesting attorney's fees.  *Carnes v. Zamani*, 488 F.3d 1057, 1059

20  (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule

21
    54(d)(2) creates a procedure to request attorney's fees, not a right to recover attorney's fees).
22
    Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.
23

24      Under Federal Rule of Civil Procedure 54(d), a prevailing party seeking attorney's fees

25  must meet the following four requirements: (1) file the motion no later than fourteen (14) days

26

27      [1] The court will not address Optimized Lifestyle's argument regarding Federal Rule of
    Civil Procedure 54, as the rule does not provide a basis for an award of attorney's fees.  *See*
28  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999) (holding
    that Federal Rule of Civil Procedure 54(d)(2) creates a procedure, but not a right, to recover
    attorney's fees).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds

2    entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and

3    (4) disclose, if the court so orders, the terms of any agreement about fees for the services for

4    which the claim is made.  Fed. R. Civ. P. 54(d)(2).

5

6    **III.    Discussion**

7          As stated, *supra*, Optimized Lifestyle moves for attorney's fees on numerous grounds.

8    The court will analyze each of Optimized Lifestyle's arguments in turn.

9          A.  Lanham Act

10

11         Optimized Lifestyle first argues that the Lanham Act forms a basis for an award of

12   attorney's fees.  The Lanham Act provides that a court may award reasonable attorney's fees to

13   the prevailing party in *exceptional cases*.  15 U.S.C. § 1117(a) (emphasis added).

14         An "exceptional" case is one in which "the case is either groundless, unreasonable,

15   vexatious, or pursued in bad faith."  *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir.

16   2002) (internal quotations and citations omitted).   Non-exclusive factors to consider when

17   evaluating   whether   a   case   is   exceptional   are   "frivolousness,   motivation,   objective

18   unreasonableness (both in the factual and legal components of the case) and the need in

19   particular circumstances to advance considerations of compensation and deterrence."  *Octane*

20   *Fitness, LLC v. ICON Health & Fitness*, 572 U.S. 545 at 554 n.6 (2014).

21

22         Here, Optimized Lifestyle posits that this case is exceptional because it prevailed on its

23   motion to dismiss and that the Lanham Act claim arises from purported defamatory statements

24   that were made or published before the company had even formed.  (ECF No. 236 at 6).

25

26         This case is not exceptional.  The court's order granting Optimized Lifestyle's motion to

27   dismiss was not based on the merits of its Lanham Act claim.  The court granted the motion to

28

**James C. Mahan**
**U.S. District Judge**

1    dismiss on the grounds that it could not assert personal jurisdiction over Optimized Lifestyle.

2    (*See generally id.*).    In another order, the magistrate judge ruled that plaintiffs' amended

3

4    complaint, which included causes of action against Optimized Lifestyle, was brought in good

5    faith and not futile.  (*See* case No. 2:22-cv-00740-JCM-EJY, ECF No. 52).

6            Furthermore, the court never addressed the question of whether Mulvehill created

7    Optimized Lifestyle after the inception of this action.  Plaintiffs' first alleged that Optimized

8    Lifestyle's "corporation formation occurred in August 2021 shortly after the Cornelia lawsuit

9
10    was filed and is directed to the same kind of business as John Anthony Lifestyle LLC—dating,

11    seduction, and lifestyle coaching by Mr. Mulvehill."  (ECF No. 100 at 4).

12            Plaintiffs aver that after Optimized Lifestyle's formation, Optimized Lifestyle operated

13    the John Anthony Lifestyle YouTube Channel and maintained numerous videos on the channel,

14    including one video that was a subject of the defamation lawsuit and released six months *after*

15
16    the formation of Optimized Lifestyle.  (ECF No. 240 at 8) (emphasis added).

17            Despite the court's granting Optimized Lifestyle's motion to dismiss, there is nothing to

18    suggest that plaintiffs brought their Lanham Act claim in bad faith and that this is an exceptional

19    case meriting an award of attorney's fees pursuant to 15 U.S.C. § 1117(a).  *See Gracie v. Gracie*,

20    217 F.3d 1060, 1071 (9th Cir. 2000) (holding that "[e]xceptional circumstances can be found

21
22    when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad

23    faith.") (internal quotations and citation omitted).

24        B.  NRS 18.010

25        The court's analysis of Optimized Lifestyle's moving for attorney's fees under NRS

26    18.010 is similar to that employed when evaluating the merits of Optimized Lifestyle's argument

27
28    regarding the Lanham Act.

**James C. Mahan**
**U.S. District Judge**

1    The statute provides that the court may make an allowance of attorney's fees to a

2    prevailing party without regard to the recovery sought "when the court finds that the claim . . . of

3

4    the opposing party was or maintained without reasonable ground or to harass the prevailing party

5    . . . ." NRS 18.010(2)(b).

6    Optimized Lifestyle sets forth a rehashed argument of its Lanham Act position, asserting

7    that plaintiffs' state law claims are groundless because the allegedly defamatory statements were

8
     removed from publication prior to the formation of the company. (ECF No. 236 at 5). Again,
9

10   the court never adjudicated this issue; it addressed only personal jurisdiction. The merits of

11   Optimized Lifestyle's argument are presently before the District of Wyoming, as explained in

12   greater detail, *infra*.

13   The pleadings fail to show that plaintiffs' claims were groundless and meant to harass

14   Optimized Lifestyle. Again, plaintiffs claim that after Optimized Lifestyle's formation,

15
     Optimized Lifestyle operated the John Anthony Lifestyle YouTube Channel and maintained
16

17   numerous videos on the channel, including one video that was a subject of the defamation

18   lawsuit and released six months *after* the formation of Optimized Lifestyle. (ECF No. 240 at 8)

19   (emphasis added).

20   Optimized Lifestyle cites *Blom v. Floodsuckers, LLC*, No. 3:12-cv-00570-RCJ-WGC,

21
     No. 2013 WL 3463260, at *4 (D. Nev. July 8, 2013) to support its argument that a court's
22

23   dismissal of a case for lack of personal jurisdiction suggests that an award of attorney's fees is

24   appropriate and does not warrant deeper scrutiny. (ECF No. 236 at 8).

25   *Blom* is inapposite to this case. Optimized Lifestyle fails to cite the portion of *Blom*

26   wherein the court elucidated that it is within the discretion of the district court to award

27
     attorney's fees if there is evidence of unreasonableness or harassment on the part of the opposing
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    party. *Blom*, 2013 WL 3463260, at *4.  There is no evidence of this behavior on the part of

2    plaintiffs.  To cinch the matter, the magistrate judge ruled that "[p]laintiffs' proposed amended

3

4    complaint pleads facts sufficient to demonstrate a *prima facie* case that [d]efendants expressly

5    aimed their actions at the State of Nevada."  (ECF No. 52 at 11).

6        Optimized Lifestyle is not entitled to an award of attorney's fees pursuant to NRS 18.010.

7        C.  <u>NRS 17.117, NRCP 68, and Fed R. Civ. P. 68</u>

8        Optimized Lifestyle's most compelling argument for an award of attorney's fees pertains

9

10   to state and federal offer of judgment rules and statutes.  If a party rejects an offer of judgment

11   and fails to obtain a more favorable outcome, "it must pay the offeror's post-offer costs and

12   expenses . . . applicable interest . . . and reasonable attorney fees, if any be allowed, actually

13   incurred by the offeror from the time of the offer."   NRS 17.117(10)(B).   NRCP 68 is

14   substantially similar to NRS 17.117.  *See* NRCP 68.

15

16   On December 12, 2022, Optimized Lifestyle made an offer of judgments to plaintiffs in

17   the amount of $5,000.00.  (ECF No. 236-1 at 3).  Plaintiffs rejected this offer and chose to

18   maintain their claims against Optimized Lifestyle.  (*Id.* at 4).  On July 27, 2023, the court granted

19   Optimized Lifestyle's motion to dismiss.  (ECF No. 232).

20   As a preliminary matter, Federal Rule of Civil Procedure 68 is not applicable to this case.

21
     The Ninth Circuit has held that this rule "shifts costs, not fees, unless attorney fees are a part of
22
     costs under the substantive statute."  *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th
23

24   Cir. 1997).  Plaintiffs' federal claim under the Lanham Act does not include attorney's fees in

25   costs.  *See* 15 U.S.C. § 1117.

26   Secondly, NRCP 68 and NRS 17.117 provide that "the court must compare the amount of

27
     the offer . . . with the principal amount of the judgment."  NRCP 68(g); NRS 17.117.  Plaintiffs'
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

claims did not proceed to a final judgment on the merits, and the court cannot make a comparison to Optimized Lifestyle's initial offer of judgment. As plaintiffs state, their claims against Optimized Lifestyle remain intact and have been asserted in an action commenced by plaintiffs against Optimized Lifestyle in the District of Wyoming. (ECF No. 236 at 5 n.2). Accordingly, upon resolution of the merits of Optimized Lifestyle's arguments, the District of Wyoming is the most appropriate forum in which to move for attorney's fees.

Optimized Lifestyle is not entitled to an award of attorney's fees pursuant to NRS 17.117, NRCP 68, and Federal Rule of Civil Procedure 68.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Optimized Lifestyle LLC's motion for attorney's fees (ECF No. 236) be, and the same hereby is, DENIED.

DATED March 18, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**